**STATE of Missouri, Respondent,**

v.

**William BINGHAM, Appellant.**

**No. 55800.**

Supreme Court of Missouri, Division No. 2.

Sept. 13, 1971.

John C. Danforth, Atty. Gen., J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, for respondent.

Richard B. Dempsey, Dempsey & Dempsey, Clayton, for appellant.

MORGAN, Presiding Judge.

After a jury found defendant guilty of the crime of burglary in the second degree, the court assessed his punishment at three years confinement. Defendant has appealed.

At 1:30 A.M. on February 15, 1969, defendant was apprehended on the roof of a building owned by the St. Joseph Lead Company in the City of Bonne Terre. His automobile was found parked along the side of the building with a hacksaw lying on its trunk. A security officer for the company and one policeman discovered defendant and, after being called, an attorney for the company arrived at the scene. Further investigation revealed that hinges had been "popped" from the safe; that a door had been removed from the office of the engineering department; that a new vault had been tampered with; and that a window pane above the latch on the door to the accounting room had been broken. While at the scene, defendant apparently admitted he had used a bar to break the glass; and, he answered "yes" when asked if he had entered the building. Such interrogation was had at the scene of the crime by the company security officer and the attorney. However, we will assume, although it is not clear from the record, that the police officer was present. They testified that they warned defendant (1) that he could remain silent, (2) that any statements could be used against him, and (3) that he had a right to consult with an attorney. Both agreed that they had not

advised defendant of what is referred to as the fourth procedural safeguard required by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, i. e., that an attorney would be provided for defendant if he could not employ his own. However, testimony was given that while such warnings were being made, defendant had said: "I know all of those things." Defendant offered certain alibi witnesses, and testified that he had been too intoxicated to remember the events in question.

During the trial, but out of the presence of the jury, a hearing was held on the sufficiency of the warnings given as well as the ability of defendant to waive those rights he now claims were violated. At the conclusion of which, the trial court found: "* * * that the Defendant was advised that he did not need to make a statement; that any statement he might make would be used against him, and that he could confer with an attorney before being interrogated. The Court further finds that Defendant was not drunk and that he intelligently and voluntarily waived his constitutional rights as outlined to him, and admitted having committed this burglary."

■ On appeal, defendant first contends that, "There is a complete absence of evidence as to the manner in which appellant gained entry to the building." From the record, it is not clear if any of the doors mentioned were outer doors. However, even if it be assumed that all were inner doors, the contention as made cannot be sustained, because the breaking of the inner doors constituted burglary in the second degree. As held in State v. Burke, Mo., 462 S.W.2d 701, 707: "Section 560.070 [RSMo 1969, V.A.M.S.] is stated in general terms and, we conclude, should be construed as at common law and as in the various states to which we have made reference above. On that basis, we hold that the breaking of the inner door constituted burglary in the second degree, in violation of § 560.070."

■ Second, argument is made that the trial court erred in allowing defendant's inculpatory statements to be repeated before the jury, because the defendant was not advised an attorney would be appointed for him if he could not employ one—in violation of Miranda. However, it is apparent that the objection at trial did not advise the trial court clearly and specifically of the constitutional grounds for the objection made as required by State v. Price, Mo., 422 S.W.2d 286, and State v. Devoe, Mo., 430 S.W.2d 164, 167. Even though we were to accept the objection as sufficient, attention is called to the concurring opinion of Judge Finch in the Devoe case, wherein it was said, loc. cit. 169 [4–6]: "* * * the reason for the fourth procedural requirement is to make meaningful to indigent persons the third procedural requirement that the defendant be informed of his right to consult with an attorney. It is not intended to protect one who has the funds with which to employ an attorney. Suppose, for example, that a wealthy person is arrested and he is warned that he has the right to remain silent, that anything he says could be used against him, and that he has the right to the presence of an attorney. Such warning fully protects his constitutional rights. It would serve no useful purpose whatsoever to inform him further that the state will furnish counsel free if he cannot afford counsel. To hold that failure to give the fourth warning to the man able to afford an attorney makes a confession inadmissible would be to emphasize and substitute form for substance in the protection of constitutional rights. In my judgment, it is crystal clear from the language of Chief Justice Warren that the procedural requirement No. 4 was not intended to protect one who can afford counsel, and it follows therefrom that failure to give such warning to one able to furnish counsel cannot be a violation of his constitutional rights and cannot be a basis for excluding a confession otherwise admissible."

In the instant case, it appears defendant had self-employed counsel and there is no

record of indigency; and, we hereby adopt the conclusion of Judge Finch as quoted above. See also State v. Crump, 277 N.C. 573, 178 S.E.2d 366, and United States v. Chaplin, 2nd Cir., 435 F.2d 320.

 Third, it is argued that the trial court, although requested by defendant, failed to submit the question of voluntariness of the confession to the jury. The argument is best answered by quoting the fourth paragraph of Instruction No. 3, requested by defendant, which is: "If you find that a statement was made by the defendant and that it was made freely and voluntarily, then you may give it such weight as you believe·it deserves in arriving at your verdict. If you find that it was not made by the defendant or that it was not made freely and voluntarily, then you must disregard it and give it no weight in your deliberations."

 Lastly, it is contended that improper argument of the prosecutor calls for reversal. During cross-examination of defendant, he was asked: "Now, on the night of February 15, 1969, did you carry tools in your car that evening?" The answer was, " * * * yes, sir." In closing argument, the prosecutor said: "There was a screwdriver used. The Defendant's car was there; it had a hacksaw on it. And the Defendant testified that he carried burglary tools in his car—." After a defense objection, the court said: "As the court recalls the testimony that he carried tools. Now, whether it was burglar tools or mechanic tools we don't know." A request for mistrial was denied. If the prosecutor's comment was that defendant admitted he carried "burglary" tools, it was necessarily improper. However, if the word "burglary" was used in a descriptive sense to describe the tools—a bar, a screwdriver and a hacksaw—defendant cannot complain for the reason they "are generally known to be the common tools of burglars and thieves." State v. Marler, Mo., 453 S.W.2d 953, 956. Thus, although defendant did not characterize the tools he

carried as burglary tools, that inference could be drawn from the facts and circumstances in this case. Any such reasonable inferences are accepted as proper deductions for argument of counsel. Such matters must, of necessity, be left with the trial court and we are not to interfere unless the record demonstrates an abuse of such discretion. State v. Madden, Mo., 394 S.W.2d 317. In this case, we can only conclude that defendant was not prejudiced by the manner in which the trial court handled the argument and objection thereto.

Finding no reversible error, the judgment is affirmed.

DONNELLY, J., and HENLEY, Alt. J., concur.

FINCH, J., not sitting.