**STATE of Missouri, Respondent,**

v.

**Homer F. GARRETT, Appellant.**

**No. KCD 26620.**

Missouri Court of Appeals,
Kansas City District.

June 3, 1974.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, B. William Jacob, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Dan Summers, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM:

Appellant, Homer F. Garrett, was found guilty of receiving stolen property, a violation of § 560.270, RSMo 1969, V.A.M.S. in a jury waived proceeding on the 3rd day of January, 1973, and was sentenced on February 15, 1973, to a term of four (4) years in the Missouri Department of Corrections. This is a direct appeal from that judgment and sentence.

Section 560.270, RSMo 1969, V.A. M.S., required that in order to violate the statute, one must receive stolen property with guilty knowledge, i.e., knowing the property to be stolen. Proof of guilty knowledge, then, is a prerequisite to commission under this section. State v. Taylor, 422 S.W.2d 633 (Mo. 1968). The state introduced an oral admission allegedly transmitted from appellant to an arresting officer after waiver of appellant's Fifth Amendment rights. This oral admission was to the effect that appellant was aware that the property was indeed stolen. Appellant alleges that the waiver of his rights, which allowed the admission of this damaging testimony, was not voluntary, and that the lower court erred in failing to suppress the same.

In support of his allegations of coercion, appellant presented the following evidence:

1. That at the time of his arrest he was beaten and struck on the head and in the area of the kidneys.

2. That upon his arrival downtown, appellant noted blood in his urine, and that due to a history of kidney disorders, construed this to mean that he was bleeding internally.

3. That he was in great pain as a result of the beating and that he signed the rights waiver form at the station in response to a promise that he would be taken to the hospital.

Appellant's wife, Nancy, corroborated the beating, and Carol Moran, a nurse at the Jackson County jail, stated that appellant's injuries were diagnosed as " . . . bruised kidney with muscular spasm . . ."

The burden of proof of voluntariness is upon the state when the confession is obtained while the suspect is in custody. State v. Williams, 369 S.W.2d 408 (Mo. banc 1963); State v. Hunter, 456 S. W.2d 314 (Mo. 1970). The state meets this burden by presenting a prima facie showing of voluntariness. State v. Nolan, 423 S.W.2d 815, 818 (Mo. 1968); State v. Hunter, supra, 456 S.W.2d at 316. The controlling standard is whether the evidence *conclusively* shows that the confession is involuntary. State v. Statler, 331 S.W.2d 526, 530 (Mo. 1960); State v. Pughe, 403 S.W.2d 635, 641 (Mo. 1966); State v. Hunter, supra, 456 S.W.2d at 316. In *Hunter,* the state made a prima facie showing of voluntariness of defendant's confession by showing that at all stages of interrogation, defendant was informed of his constitutional rights and that he understood his rights, and that no physical force or coercion, promises, threats, or other unlawful means of inducement were employed in obtaining the confession, and such prima facie showing was not destroyed by testimony of the state's witness that it was possible that the prosecuting attorney would consider a lesser charge if defendant would cooperate.

In the instant case, the state also made this prima facie showing. The arresting officers testified to a scuffle; however, both denied that blows were struck. They further testified that before beginning interrogation the appellant was advised of his rights, had the waiver form explained to him, indicated that he understood he was signing a waiver form, and that no physical pressure or mental duress was applied to get appellant to waive his constitutional rights.

 The trial court, while overruling Mr. Garrett's motion to suppress, did express belief that appellant had been struck. However, the trial court did not believe that appellant was under such pain or disability as not to understand what he was doing, and the court further found that the kidney injury was not sufficient to overcome appellant's will. This court cannot set aside this conviction unless it deems it clearly erroneous, and must give due regard to the opportunity of the trial court to judge the credibility of witnesses. Rule 73.01(d), V.A.M.R. Kansas City v. Garner, 430 S.W.2d 630 (Mo. App. 1968). This being so, the court's finding that appellant's will was not overcome by the circumstances must stand, as appellant may not, in this court, insist that his testimony be accepted and the state's evidence rejected. State v. Adams, 380 S.W.2d 362 (Mo. 1964). Where, as here, the testimony conflicts as to whether the confession was voluntary, admission of the confession into evidence by the trial court is a matter of discretion. State v. Pierce, 236 S.W.2d 314 (Mo. 1951). The evidence adduced at trial supports the conclusion that the admission by defendant that he knew the property was stolen was voluntary and therefore admissible.

It is to be noted that the test to determine voluntariness is whether or not the appellant's physical or mental condition was such that his will was overborne at the time he confessed. Lynumn v. State of Illinois, 372 U.S. 528, 534, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963); State v. Glenn, 429 S.W.2d 225 (Mo. banc 1968). The trial court found, and the record supports the conclusion that the appellant's rights, waiver and subsequent oral admission, were voluntary and therefore admissible.

The court is governed by the dictates of the *Miranda* decision, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which defines the rules for admissibility of a defendant's statements. State v. Beasley, 404 S.W.2d 689 (Mo. 1966). The record compels the conclusion that the dictates of *Miranda* have not been violated and no injustice has befallen appellant. This being so, the judgment is affirmed.