STATE of Missouri, Plaintiff-Respondent,

v.

Dennis BANKHEAD,
Defendant-Appellant.

No. 36725.

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 13, 1976.

Thomas J. Nold, James C. Jones, III, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Robert L. Presson, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Defendant appeals his conviction for Burglary Second Degree. § 560.045 RSMo 1969. Pursuant to the Second Offender Act the court sentenced him to eight years imprisonment. § 556.280 RSMo 1969. We affirm.

On August 6, 1974, sometime between 8:45 a. m. and 4:45 p. m., a north St. Louis residence was burglarized. The thief gained entry by breaking a window glass and then stole money, clothing and various household appliances. The police lifted numerous fingerprints from the broken glass and later positively matched defendant's fingerprints with those taken from the broken glass.

The defense presented evidence that the defendant had been at his mother's home all day on August 6, 1974.

■ The defendant's sole contention on appeal concerns alleged prejudicial comments made by the prosecutor during final argument.[1] The record discloses that no objection of any kind was made by the defendant to the allegedly improper prosecutorial remarks at the time they were made. Therefore, nothing has been preserved for appellate review. *State v. Turley*, 518 S.W.2d 207[3] (Mo.App.1974) cert. denied, 421 U.S. 966, 95 S.Ct. 1956, 44 L.Ed.2d 454 (1975); *State v. Smothers*, 518 S.W.2d 187[3] (Mo.App.1974); *State v. Carter*, 478 S.W.2d 358[4] (Mo.1972); *State v. Williams*, 419 S.W.2d 49[6] (Mo.1967).

■ The defendant nevertheless asks this court to review his contention under the plain error doctrine of Rule 27.20(c), but we decline. Our careful review of the entire record and the appellate briefs has convinced us that the prosecutorial remarks did not result in manifest injustice or a miscarriage of justice.

The judgment is affirmed.

CLEMENS, P. J., and STEWART, J., concur.

1. Defendant objects to the following prosecutorial remarks during closing argument: "How had Dennis Bankhead's fingerprints gotten on that window?", and later "His mother and his aunt said he was at home the entire day. How did Dennis Bankhead's prints get on that window?" Also, "Now, you heard from the defendant's mother and you heard from his kin . . . . But, the one thing that speaks out and is unchallenged is the fingerprints of Dennis Bankhead's on Wayne Ross' window, the broken window, both sides; both sides of the glass."

Defendant claims these remarks constitute a comment on the defendant's failure to testify. We disagree. Even if defendant had objected to these comments, we do not believe they constituted a reference to the defendant's failure to testify.