**STATE of Missouri, Respondent,**

v.

**Gregory Tim WHITES, Appellant.**

**No. 10128.**

Missouri Court of Appeals,
Springfield District.

June 9, 1976.

John C. Danforth, Atty. Gen., Charles L. Howard, Asst. Atty. Gen., Jefferson City, for respondent.

John D. Wiggins, Asst. Public Defender, Rolla, for appellant.

Before STONE, P. J., and HOGAN and TITUS, JJ.

TITUS, Judge.

Jury-convicted of second degree burglary and stealing, defendant's first two points on appeal relate to the prosecutor's opening statement. Point I is that the trial court erred in denying his motion for judgment of acquittal at the close of the opening state-

ment "because the prosecutor failed to state . . . that the premises were entered and property taken therefrom without the consent of its owner." Point II is that the trial court erred at the close of the opening statement by overruling defendant's objection and request for a mistrial with respect to a remark made by the prosecutor "concerning the theft of a Lawn-Boy lawn mower on the grounds that such remarks concern separate and independent crimes and such remarks unfairly prejudiced the minds of the jury and denied the appellant a fair and impartial trial."

In part, the state's opening statement went thus: "As the Court has informed you, by reading from the information, this defendant . . . is charged with burglary, a breaking and entering a church . . . . There is also a charge, while this defendant was in the church, after he had broken in, there were certain items of property belonging to the church that were taken by the defendant, stolen. . . . That night [of the crimes] the last person from the church was the pastor . . . he left the church and secured all the doors and windows. When he left the church . . there was [inside] a Victor adding machine . . . a tape recorder [and] tapes that were used on the tape recorder. . . . There will be evidence . . . that during the night persons entered that church building by forcing a door on the lower level in the basement . . . .. [The] next morning . . . the adding machine was gone, the tape recorder and the tapes were gone . . . .. Various items were missing. The next evidence that will be shown will be offered by a Mr. Clarence Whites . . . that his Lawn-Boy lawn mower was missing, and that he lived next door to where the defendant lived. . . . [T]hat he found that Lawn-Boy machine within a few hundred yards of his house in some high weeds, and there with the Lawn-Boy machine was the Victor adding machine . . . a tape recorder taken from the church and there were six tapes."

■ The authority of the trial court to enter a judgment of acquittal (formerly, to direct a verdict) at the close of the state's opening statement, should be exercised only if it affirmatively and clearly appears from the statement that the charge against the defendant cannot be sustained under any view of the evidence consistent with it. *State v. McAllister*, 468 S.W.2d 27, 29[2] (Mo.1971); *State v. Gray*, 423 S.W.2d 776, 786 (Mo.1968); 23A C.J.S. Criminal Law § 1145(3) f., at p. 379. And in testing the sufficiency of the state's opening statement, the facts stated therein and the reasonable inferences therefrom are to be accepted as true. *State v. Deppe*, 286 S.W.2d 776, 780 (Mo.1956); *State v. Jones*, 363 Mo. 998, 1005, 255 S.W.2d 801, 805[6] (1953). Since the opening statement in the instant case advised that defendant was "charged with burglary, a breaking and entering . . . by forcing a door," it was reasonable to infer that the burglarious entry was not made with the consent of the owner. "Steal" means to take without right, leave or permission. Webster's Third New International Dictionary, Unabridged, p. 2232; Webster's New Collegiate Dictionary, p. 1138; Webster's New World Dictionary of the American Language College Ed., p. 1426; The American Heritage Dictionary of the English Language, p. 1261. When the prosecutor stated the items taken from the church by defendant were "stolen" (past participle of "steal"), it was self-evident he was contending the property had been taken without consent of the owner. Defendant's first point is denied.

■ As to defendant's second point, it is well to note that in its opening statement the state did not contend the defendant had stolen the lawn mower. Its statement was only that Mr. Whites' lawn mower "was missing" to explain why he was looking for it and eventually found it "in some high weeds" along with the property stolen from the church. These circumstances were closely related to the crimes charged and the mere fact that this evidence may have concerned a separate and distinct crime does not render it inadmissible. *Bruce v. United States*, 73 F.2d 972, 974[6] (8th Cir.

1934). But irrespective of this, defendant's objection to the statement and his motion for a mistrial were not made until the opening statement had been concluded. This was too late to preserve the point. *State v. Robb,* 439 S.W.2d 510, 514[6] (Mo.1969).

Defendant's final point is that the trial court erred in denying his counsel's request for a continuance or for a mistrial because the defendant (released on bond on the date of trial) failed to appear following the noon recess and was absent from the courtroom during the remainder of the trial. Following the noon recess the trial court announced: "Gentlemen, we'll let the record show that 5 minutes to 12 today the Court took its noon recess to reconvene at 1:15; that at 1:15 this day, all parties, the jury, were convened, with the exception of the defendant; that a—that the Court has waited now until 1:25 p. m. and the defendant has still not appeared and voluntary [sic] absences [sic] himself from this trial, and we will now proceed with the trial in the absence of the defendant." Thereafter counsel's request for continuance or for a mistrial was denied.

There was no evidence contrary to the Court's finding, supra, that defendant's failure to return after the noon recess was voluntary. When a defendant is free on bond and does not appear at the time specified, it is presumed, until established otherwise, that his absence is voluntary for the purpose of deciding whether he has waived his right to be present at trial. And when it is found the absence is voluntary, defendant is held to have waived his right to be present at the proceedings. The trial court did not err in proceeding with the trial without defendant, albeit his absence occurred during the conclusion of the trial and when witnesses for the state testified in support of the charges against him. *State v. Drope,* 462 S.W.2d 677, 681–684[5, 6] (Mo.1971).

The judgment is affirmed.

All concur.