STATE of Missouri,
Plaintiff-Respondent,

v.

Nicholas Richard TETTAMBLE,
Defendant-Appellant.

No. 38438.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 27, 1977.

Motion for Rehearing and/or Transfer
Denied Feb. 14, 1978.

Application to Transfer Denied
March 13, 1978.

Melvin G. Franke, Public Defender, Gary L. Gardner, Asst. Public Defender, Union, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant Nicholas Richard Tettamble appeals from judgments entered on jury verdicts in the Circuit Court of Franklin County finding him guilty of possession of burglary tools (Count I), § 560.115 RSMo 1969; burglary in the second degree and stealing (Count II), § 560.110 RSMo 1969; and burglary in the second degree (Count III), § 560.045 RSMo 1969. Defendant was sentenced to sixteen (16) years imprisonment. For reversal, defendant argues that the trial court erred in (1) denying his motion for a second psychiatric examination at state expense, (2) overruling his motions to consolidate Counts II and III, and (3) submitting an erroneous instruction to the jury. For the reasons discussed below, we affirm.

Defendant does not challenge the sufficiency of the evidence. From the evidence presented the jury could have reasonably found that on April 23, 1975, defendant broke into the St. Clair Medical Center in St. Clair, Missouri. In the building were located not only the offices of Dr. George A. Peters but also a Pharmacare Pharmacy operated by Joseph Toole. A sliding glass door or window separated the doctor's offices and the pharmacy. On the night of the burglary the outer window of the doctor's offices was broken to gain entry into the building; the sliding glass door or window was broken to get into the pharmacy. Although nothing had been taken from the doctor's offices, drugs had been taken from the pharmacy. Police officers found defendant hiding above the suspended ceiling in the pharmacy and arrested him.

■ Defendant first argues that the trial court erred in denying his motion for a second psychiatric examination at the expense of the state. Defendant contends that §§ 552.020(4), .030(4), RSMo 1969 (Amended 1971), which permits a second psychiatric examination by a physician chosen and paid by the party making the request, discriminates against him on account of his indigency and therefore violates the equal protection clause. This point, however, has been previously raised and rejected by our supreme court. *State v. Terry,* 472 S.W.2d 426 (Mo.banc 1971); *see also State v. Sturdivan,* 497 S.W.2d 139 (Mo. 1973); Op.Atty.Gen., No. 2 (Mar. 29, 1973). Furthermore, our court stated in *State v. Mullen,* 532 S.W.2d 794, 799 (Mo.App.1975) (Stewart, J.), that this question had been definitely settled in *Sturdivan* and required no further discussion. We agree and therefore hold that failure to grant an indigent defendant a second psychiatric examination at state expense does not violate the equal protection clause.

Defendant also argues that the trial court erred in overruling his motions to consolidate Counts II and III into a single count of burglary in the second degree and stealing. Count II charging defendant defendant with burglary in the second degree and stealing was based on the burglary of the pharmacy and the taking of the drugs. Count III charging defendant with burglary in the second degree only was based on the breaking and entering of the doctor's offices. Defendant contends that the trial court's refusal to consolidate the two counts placed him in double jeopardy because his actions constituted one offense, not two.

■ We do not agree with defendant's analysis. In *State v. Chambers,* 524 S.W.2d 826, 830 (Mo.banc 1975), our supreme court adopted the separate offense rule, not the same transaction rule. In order to determine whether a person has been placed in double jeopardy, the court must determine whether each offense necessitates proof of an essential fact or element not required by the other or, in other words, whether the offenses charged are one and the same. *Id.* at 828–29, citing *United States v. Phillips,* 432 F.2d 973 (8th Cir. 1970); *United States v. Cardarella,* 375 F.2d 222 (8th Cir.), *cert. den.,* 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967).

Applying the *Chambers* test, there were two separate burglaries in fact and in law.

The evidence showed that defendant first broke the outer window of the doctor's offices to gain entry into the building. Thereafter, defendant broke the sliding glass door or window to gain entry to the pharmacy from the doctor's offices. The breaking of an inner door has been held sufficient to constitute a burglary in the second degree of a building other than a dwelling house, even though an outer door had not been broken. § 560.070, RSMo 1969; e. g., *State v. Bingham,* 470 S.W.2d 540 (Mo.1971); *State v. Burke,* 462 S.W.2d 701 (Mo.1971).

The fact that Dr. Peters owned the entire building and occupied only half is irrelevant. The term "ownership" in a burglary case has been construed to mean occupancy rather than title. Therefore, if occupancy is the true focus of the offense, then there can be no question that defendant in this case was properly charged with two burglaries. *See State v. Yearwood,* 510 S.W.2d 43 (Mo.App.1974).

 Finally we take up defendant's argument that the trial court erred in giving an erroneous instruction to the jury. Defendant contends that the trial court's failure to add to the second paragraph of MAI–CR 2.76 the phrase, "`. . . or you may find him not guilty by reason of a mental disease or defect excluding responsibility" deprived him of a theory of his defense. We agree that the trial court erred in not including the above quoted phrase in the instruction. Noncompliance with the verdict forms as established in MAI–CR is error; however, the prejudicial effect of such error is to be judicially determined. Rule 20.02(e); V.A.M.R.1975; e. g., *State v. Vernor,* 522 S.W.2d 312 (Mo.App.1975).

We note that instruction number five (5), pertaining to Count II, burglary in the second degree and stealing, and the separate verdict directors for Counts I, II and III informed the jury that they could find defendant not guilty by reason of mental disease or defect excluding responsibility. In addition, instruction number thirteen (13) properly presented the defense of mental disease or defect excluding responsibili-

ty to the jury. Thus, we believe that the jury was adequately informed that the defense of mental disease or defect was applicable to all three counts and that in order to convict they must not only consider that defense but also must reject it. *State v. Sallee,* 436 S.W.2d 246, 252 (Mo.1969); *State v. Boyington,* 544 S.W.2d 300, 305 (Mo.App. 1976). In *Boyington* the court held there was no prejudicial error despite a total failure to give an instruction on verdict possibilities. In this case, as in *Sallee,* after reading and considering all the instructions together, we conclude the jury was adequately instructed and there was no prejudice to defendant.

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.