STATE of Missouri, Respondent,

v.

Lovell POWELL, Appellant.

No. 39659.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 3, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 18, 1979.

Application to Transfer Denied
June 19, 1979.

Shaw, Howlett & Schwartz, James J. Knappenberger, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Defendant was charged and convicted in separate counts of molesting a minor girl and sodomy. His appeal alleges: (1) that the trial court erred in submitting the molestation and sodomy charges in separate counts as being in violation of his right against double jeopardy; (2) that there was insufficient evidence to support the convictions. We affirm.

The evidence shows that the nine year old victim was walking down a St. Louis alley toward her home after having spent the night at her aunt's house. It was about 7:00 a. m. when the defendant accosted the victim in the alley. He grabbed her and carried her screaming and crying into a vacant garage. The defendant pulled off all her clothes, forced her to lie down on her coat, unzipped his trousers, lay on top of the naked victim and placed his exposed penis between her legs. Unsated in his lust, the defendant then forced his penis into the victim's mouth. The victim's screams aroused the neighbors with one valiant lady starting her auto and honking the horn causing the defendant to flee from the garage tugging on his trousers. The victim positively identified the defendant as her assailant, and he was also identified by a neighbor who saw him carrying the terrified victim into the garage.

The defendant first argues that his constitutional protection against double jeopardy has been unlawfully pierced and shredded by the charge and conviction of the two separate crimes of child molestation and sodomy. He takes the position that he has been convicted of two crimes on the same facts. But defendant's ground of defense in this regard is too shaky to support his double jeopardy theory. The convictions were based on two separate crimes, and actually two separate sets of facts supported the conviction on each count. The fact that there was some overlapping of evidence to support the conviction for each crime does not mean that the offenses overlapped to constitute a double jeopardy violation. *State v. Treadway*, 558 S.W.2d 646 (Mo. banc 1977), responds to defendant's contention regarding double jeopardy and rejects it. In *Treadway* it was held that Missouri follows the separate or several offense rule of double jeopardy rather than the same transaction rule. Multiple convictions are permissible if the defendant has in fact and law committed separate crimes. The focus is on the identity of the offense and not the defendant's act. *State v. Treadway*, supra (first degree robbery and armed criminal action); *State v. Johnson*, 549 S.W.2d 627 (Mo.App.1977), (sodomy and kidnapping); *State v. Carter*, 535 S.W.2d 537 (Mo.App.1976), (operation of a motor vehicle while intoxicated and careless and imprudent driving for failure to yield the right of way). A person may by one act or multiple acts which are part of the same transaction violate more than one statute or commit more than one offense. Whether the offenses charged are the same depends on whether each offense necessitates proof of an essential fact or element not required by the other. *State v. Chambers*, 524 S.W.2d 826 (Mo. banc 1975), (stealing and felony murder); *see State v. Healey*, 562 S.W.2d 118 (Mo.App.1978); *State v. Tettamble*, 561 S.W.2d 414 (Mo.App.1977), (burglary with stealing and burglary); *State v. Dodson*, 556 S.W.2d 938 (Mo.App.1977), (kidnapping and murder); *State v. Campbell*, 551 S.W.2d 940 (Mo.App.1977), (traffic violations and assault); *State v. Johnson, supra; State v. Brown*, 547 S.W.2d 217 (Mo. App.1977), (two counts of leaving the scene of an accident); *State v. Carter, supra*.

Here, the jury was instructed to find defendant guilty of molestation of a minor if they found that he had taken lewd and indecent liberties with the nine year old girl by "laying on top of her and placing his sexual organ between her legs and buttocks." The jury was instructed to find defendant guilty of sodomy if they found that he had "inserted his sexual organ into the mouth" of the complaining witness. Clearly, the improper touching charged by the molestation count and the penetration of the mouth of the pathic charged by the sodomy count constituted independent crimes. The two offenses are not the same in law—hence, no double jeopardy. *State v. Treadway, supra*.

Defendant's second point is that there was insufficient convincing and corroborated evidence to support the convictions. He points to certain minor inconsistencies in the victim's testimony, such as the precise direction she was carried in the alley when she was grabbed by the defendant prior to his libidinous assault. He relies on

*State v. Bursley,* 548 S.W.2d 586 (Mo.App. 1976), which holds that contradictory and inconsistent testimony in a sodomy prosecution requires corroboration. However, we have carefully reviewed the transcript and find that the complaining witness' testimony was sufficiently definite, convincing and consistent to support the defendant's conviction even without corroboration. *State v. Counts,* 572 S.W.2d 885 (Mo.App.1978). Furthermore, a substantial portion of her testimony was corroborated by witnesses— one who positively identified the defendant as the person who grabbed the panic stricken victim and carried her into the garage and another witness who saw a man dressed in clothing described by both the victim and the other witness as being worn by the defendant when he ran from the garage into the alley followed by the crying victim. The record amply supports both convictions.

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.