STATE of Missouri,
Plaintiff-Respondent,

v.

Thomas Burton WOODWARD,
Defendant-Appellant.

No. 39837.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 3, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 17, 1979.

Brett & Erdel, Bradford A. Brett, Mexico, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Kristie Green, Asst. Attys. Gen., Jefferson City, Cynthia O. Macpherson, Pros. Atty., Audrain County, Mexico, for plaintiff-respondent.

CRIST, Judge.

Illegal sale of a Controlled Substance, LSD.

The defendant was convicted by a jury in Audrain County Circuit Court on November 2, 1973 of the illegal sale of LSD. On February 2, 1974, he was sentenced to ten years in the penitentiary. Nine days later he filed his notice of appeal. His appeal was dismissed on September 10, 1975 for failure timely to perfect. His sentence was vacated on October 21, 1977. He was resentenced to ten years in the penitentiary on November 7, 1977. He immediately filed a notice of appeal and duly perfected his appeal to this court. We affirm.

On March 13, 1973, an undercover narcotics agent (a state trooper) allegedly induced defendant to sell LSD to him through a third person. Although defendant alleges the state failed to prove that he acted with the third person to sell to the agent, the state clearly made a submissible case. Accordingly, the facts will be set out hereinafter only as needed in conjunction with specific points relied on. First, defendant strongly contends that he is entitled to a

new trial by reason of the admission into evidence of his video-taped confession.

Defendant was arrested on May 17, 1973. He was questioned by the police. Part of the questioning was recorded by a Sony TV camera and tape. Before questioning, he was given a *Miranda*-type warning. He was informed of his right to have counsel present and to have counsel furnished if he could not afford one. He was not informed that counsel would be furnished to him *before* questioning if he could not afford one for the purpose of having counsel present at such questioning. No inquiry was made as to whether he was indigent. This first recorded conversation did not contain any admission, but only denials of being involved in the sale of the LSD. About two hours later he was shown an incriminating recording of an interrogation of the third person involved in the alleged sale of LSD. No further *Miranda* warnings were given. Another tape was then made in which defendant indicated involvement with the crime charged. Shortly thereafter, defendant employed two lawyers to represent him in the defense of his case. Defendant first alleges that the *Miranda* warning he received prior to the first interrogation was defective and that no fresh warning was given prior to the second interrogation.

■ As noted above, defendant was not advised that counsel would be furnished to him *before* any questioning for the purpose of having counsel present at such questioning. This omission was not fatal. Defendant was not an indigent, as witnessed by his employment of counsel. The purpose of advising a defendant of his right to have counsel appointed prior to questioning if the defendant cannot afford counsel is to protect the indigent. The defendant did not require this protection. *State v. Bingham*, 470 S.W.2d 540, 542–543 (Mo.1971). Further, with regard to the second interrogation, *Miranda* warnings need not be given each time the accused is questioned. *Miller v. United States*, 396 F.2d 492 (8th Cir. 1968), *cert. den.*, 393 U.S. 1031, 89 S.Ct. 643, 21 L.Ed.2d 574 (1969).

■ Defendant contends his right to remain silent was violated by continued questioning after his negative response to the question "[Do you have] anything else [you want] to tell us?" The defendant's negative response merely indicated that he had no additional information to volunteer. It did not indicate he wished to cut off questioning. The taped statement of the third party was a significant new development in the case and the police were fully justified in showing it to the defendant to give him the opportunity to respond to the new evidence. He further alleges that he was denied the right to use the telephone until after all interrogation was completed and that the evidence does not show that he had knowingly and intelligently waived his rights. These allegations are refuted by the record, viewed in the light most favorable to the state. *Cf.: State v. Garrett*, 510 S.W.2d 853, 855 (Mo.App.1974) (evidence in suppression hearing viewed favorably to state).

■ Defendant also complains that the court did not conduct a fair hearing to determine whether or not his statements were voluntarily made. We rule this point against the defendant. The hearing below on the issue of voluntariness was sufficient. The state made a prima facie showing of voluntariness. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *State v. Thomas*, 522 S.W.2d 74, 76 (Mo. App.1975). Defendant complains that the court failed to specifically order that the confession was voluntary. However, we believe the trial court's ultimate conclusion of voluntariness is ascertainable from the record. *State v. Monteer*, 467 S.W.2d 48, 52 (Mo. banc 1971); *State v. Quinn*, 461 S.W.2d 812, 816 (Mo.1970).

■ Defendant further contends that the trial court erred in admitting his video-taped statement because it was the fruit of an illegal arrest. He claims the trooper did not know sufficient facts to authorize a warrant for defendant's arrest and that § 544.020, RSMo 1969, under which the warrant was issued, was unconstitutional. De-

fendant failed to raise the constitutional question below and it cannot be raised for the first time on appeal. *State v. Byrne,* 503 S.W.2d 693, 695–696 (Mo. banc 1973).

With reference to the issue of probable cause, the trooper was a part of and witnessed a scenario which clearly provided a basis for a finding of probable cause to warrant arrest. The trooper was integrally involved in negotiating the deal with the defendant through the third party who relayed their messages and conveyed the LSD across a street on either side of which the trooper and the defendant were situated in their respective cars. Based on such circumstances, the arrest was not illegal. *State v. Greenhaw,* 553 S.W.2d 318, 324–325 (Mo.App.1977).

Defendant also complains that he was prejudiced for the reason that parts of the transcript are missing. Specifically, he complains about the arraignment. He alleged no error either before trial, or in his motion for new trial, in regard to his arraignment. Since he went to trial without objection, a failure of the record to show arraignment would not be reversible error. *State v. Patton,* 364 Mo. 1044, 271 S.W.2d 560, 561 (1954).

He also asserts error in the fact that voir dire was not transcribed. Defendant alleged error in his motion for new trial in regard to voir dire on the ground that defense counsel's inquiry of each member of the jury panel as to whether each believed that because the defendant was charged, he must be guilty of something, was improperly restricted by the trial court. No request appears for the transcription of voir dire. There was no objection of the lack of recording. He cannot now complain. *State v. Gordon,* 527 S.W.2d 6, 10 (Mo.App.1975).

Defendant further complains about the absence of the tapes of the video-taped statements. At the time of the hearing on the motion to suppress, the prosecuting attorney indicated that the reporter need not take down the audio portions of the video tapes because the tapes themselves were available. At the time the tapes were played to the jury, they likewise were not recorded. In his motion for new trial, defendant alleged the video-taped interrogations should not have been admitted and that the jury saw portions of the tapes that had actually been excluded, but no objection was made as to the lack of a record. The tapes are now lost. By the reason that this case was tried in 1973, the original appeal was dismissed in 1975, and defendant failed to request a transcript subsequent to the trial, the 5-year lapse between trial and this appeal indicates no invidious discrimination against the defendant. *Franklin v. State,* 455 S.W.2d 479, 481 (Mo. 1970). The burden was on defendant to prepare and file a transcript which incorporated the proceedings showing the alleged trial error. *Jackson v. State,* 514 S.W.2d 532, 533 (Mo.1974); *State v. Harlin,* 556 S.W.2d 42, 44 (Mo. banc 1977). The defendant has failed to show wherein and why any of the omitted matters were prejudicial and sufficient for reversal. We rule this point against defendant.

Defendant complains that the trial court erred in admitting the LSD as an exhibit because of lack of proof in showing a sufficient chain of custody. The aforementioned third party received the LSD from defendant and handed it to the trooper. According to the third party, the package was wrapped in a cigarette pack cellophane. The third party carried it in his hand from defendant to the trooper. The trooper testified that the third party came back from defendant's car and handed him a foil wrapper which he placed in his coat pocket. Shortly thereafter the trooper opened and looked inside the package, which contained ten small white tablets. This package was then taken to Jefferson City and placed in the trooper's evidence locker. The trooper identified the exhibit as the substance received from the third party. This was a sufficient chain of custody. *State v. Turner,* 543 S.W.2d 270, 272 (Mo.App.1976).

Defendant complains that the trial court prejudiced the jury against the de-

fendant and inferred the guilt of the defendant by orally reprimanding and criticizing defense counsel and by overruling defendant's motion for a judgment of acquittal. The question for this court is whether the action of the trial court so prejudiced the jury as to deny the defendant a fair trial. *State v. Jones*, 558 S.W.2d 242, 246 (Mo.App.1977). In dealing with this issue, precedent is of little value, and each case is decided on its own facts. *State v. Wren*, 486 S.W.2d 447, 448 (Mo.1972). The defendant has complained of numerous instances of alleged misconduct, the worst of which appear to be commenting on questions asked of witnesses and insisting that the defense counsel not repeat the witnesses' statements so often, however, none of the conduct of which defendant complains rendered his trial unfair. This point is ruled against defendant.

■ Defendant complains he suffered manifest injustice as a result of several questions the prosecutor asked during the course of the trial which, the defendant contends, placed his character in issue. The questions asked related to the defendant's personal use of LSD and whether the defendant willingly sold the drugs to the state trooper. Only one question was allowed to be answered and it bore on the issue of entrapment, which, at the time the question was asked, was apparently in issue; objections were sustained to the other questions. Whether the trial court should have declared a mistrial *sua sponte* was a matter within its sound discretion. The record does not show an abuse of discretion. *State v. Robinson*, 345 Mo. 897, 130 S.W.2d 530, 532 (1939).

■ Defendant complains that the state's opening statement was argumentative in form in that it was presented as a series of facts rather than an assertion of what the state expected to prove. These matters are within the control of the trial court. *State v. Masters*, 530 S.W.2d 28, 30 (Mo.App.1975). The trial court, and the state also to some extent, pointed out that the opening statement was a prediction of what the evidence would show. It would have been preferable for the state to make the nature of the opening statement clearer, but we find that the defendant was not prejudiced.

■ Defendant complains about the statements of the prosecuting attorney in closing argument making reference to the fabrication of a defense. The record does not show that the trial court abused its discretion. The statements of the prosecuting attorney were fair comment as shown by the evidence. In any event, there was no objection and this point has not been preserved for review. *State v. Bankhead*, 536 S.W.2d 172, 173 (Mo.App.1976).

■ Defendant also complains the court should have granted a mistrial when the prosecutor stated in his closing argument that the jury had to do something about drug sellers. The argument came in without objection. While defendant asked for a mistrial at the close of the argument, the objection came too late. *State v. Whites*, 538 S.W.2d 70, 73 (Mo.App.1976). In any event, the closing argument was proper because it was based on a plea for law enforcement. The trial court has wide latitude in permitting argument of counsel. *State v. Jones*, 384 S.W.2d 554, 560 (Mo. 1964); *State v. Taylor*, 508 S.W.2d 506, 514 (Mo.App.1974).

■ Defendant finally complains that the verdict-directing instruction improperly stated the elements of the charge in that the following elements were omitted: (1) common intent to act together; (2) knowledge of the nature of the substance; and (3) intent to distribute the substance; and that this instruction conflicted with its converse. This point was not preserved for review and defendant accordingly contends these errors resulted in manifest injustice under the plain error doctrine. We disagree. The verdict-directing instruction required for a guilty verdict that the jury find the defendant "acted knowingly with [the above-mentioned third party] to commit the offense of the sale of lysergic acid diethylamide (LSD)" and that "while they were so acting one of them sold [the LSD]

to [the trooper]." This instruction supplies the elements defendant contends are absent sufficient to withstand attack as plain error. *State v. Lemon,* 504 S.W.2d 676, 683–84 (Mo.App.1973).

The alleged conflict between the verdict-directing instruction, which was offered by the state, and its converse, which was offered by the defendant, arose from the difference in phrasing between the instruction quoted above and the converse which required for a not guilty verdict that the jury find the defendant did not "act knowingly with [the above-mentioned third party] with common intent to commit the offense charged." This difference in phrasing did not amount to a conflict in the instructions and thus did not result in plain error.

The judgment is affirmed.

DOWD, P. J., and SATZ, J., concur.