**STATE of Missouri, Plaintiff-Respondent,**

v.

**Dencil L. FARRIS, Defendant-Appellant.**

**No. WD 33372.**

Missouri Court of Appeals, Western District.

March 29, 1983.

Thomas J. Cox, Jr., Kansas City, for defendant-appellant.

John Ashcroft, Atty. Gen., John B. Jacobs, Jr., Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, C.J., and CLARK and MANFORD, JJ.

SOMERVILLE, Chief Judge.

Defendant was charged by information with murder in the second degree (Section 565.004, RSMo 1978), tried by a jury and found guilty of the lesser included offense of manslaughter (Section 565.005, RSMo 1978), and sentenced to ten (10) years imprisonment.

Brevity is in order in stating the facts, as defendant does not question its sufficiency to support the guilty verdict. Defendant did not take the stand, and the following is gleaned from the evidence offered by the state.

The victim and several of his friends congregated at the Cottage Inn, Noland Road and 40 Highway, Jackson County, Missouri, during the late afternoon and early evening of September 6, 1980. They were "bending elbows" in an atmosphere of camaraderie until defendant, a stranger, arrived upon the scene. Words of an undetermined nature were exchanged between the victim and the defendant which prompted the two to leave the tavern. The victim preceded the defendant out of the tavern. When the two got outside, and while approximately

ten to twelve feet apart, defendant pulled a revolver, pointed it at the victim, and ordered the victim to "[g]et down on your f_____ing knees and beg for your life". The victim, as the defendant was momentarily distracted, left the kneeling position he was in and made a lunge for the revolver which defendant was pointing at him. The victim, before he could reach defendant, was shot and wounded two times in the chest by defendant, from which wounds the victim later died.

A single point is broached by defendant on appeal—error on the part of the trial court in not declaring a mistrial because of prosecutorial comments during closing argument on defendant's failure to testify.

Although ten instances of alleged prosecutorial misbehavior are mentioned in defendant's brief, only one was objected to during trial. The prosecutorial argument incurring a trial objection from defendant was as follows: "If you believe that [evidence supporting defendant's guilt of murder in the second degree] and if you believe that Bensing [the victim] wasn't the aggressor, and God, here—no witness said anything contrary to that." Defendant's objection thereto, unaccompanied by any request to strike, admonish the jury to disregard, or to declare a mistrial, was sustained by the trial court absent any curative relief.

■. The dividing line between proper and improper prosecutorial argument in the context of an accused's constitutional right not to incriminate himself [Fifth Amend., U.S. Const. and Art. I, § 19, Mo. Const.], although somewhat vacillatory in the past in this state, has now been firmly drawn. Under reigning authority, prosecutorial arguments do not incur the wrath of the respective constitutional provisions unless they contain "direct" and "certain" references to an accused's failure to testify. *State v. Robinson,* 641 S.W.2d 423 (Mo. banc 1982); *State v. Zagorski,* 632 S.W.2d 475 (Mo. banc 1982); and *State v. Frankoviglia,* 514 S.W.2d 536 (Mo.1974). The prosecutorial comment objected to by defendant during trial, supra, cannot, by any stretch of the imagination, be characterized as a "direct" and "certain" reference to defendant's

failure to testify. Without unduly burdening this opinion, suffice it to say the nine unobjected to prosecutorial comments mentioned in defendant's brief also fell short of constituting "direct" and "certain" references to defendant's failure to testify.

■ The constitutionally permissible nature of the prosecutorial argument aside, the fact that defendant's sustained objection thereto was unaccompanied by any request for curative relief also precludes defendant from any present complaint of prejudicial error. *State v. Jackson,* 511 S.W.2d 771, 775 (Mo.1974); *State v. Peck,* 429 S.W.2d 247, 251 (Mo.1968); and *State v. Ashley,* 616 S.W.2d 556, 560 (Mo.App.1981). Defendant's belated request for a mistrial after the jury was discharged was no panacea. *State v. Woodward,* 587 S.W.2d 287, 291 (Mo.App.1979); and *State v. Whites,* 538 S.W.2d 70, 73 (Mo.App.1976).

The variously mentioned prosecutorial comments, whether viewed singularly or collectively, were neither "direct" nor "certain" references to defendant's failure to testify, and any claim of error postulated thereon is rejected.

Judgment affirmed.

All concur.