THE STATE v. SMITH, *Appellant.*

1. **Sheriff, Disqualification of:** WHEN CORONER SHOULD ACT AS SHERIFF. Under Revised Statutes, sections 3894, 3895, the coroner is the proper officer to serve and execute all writs and precepts, and perform all other duties of the sheriff, when the latter is, for any reason, disqualified from discharging the duties of his office.

2. **Criminal Law:** PRACTICE: PRESENCE OF DEFENDANT DURING TRIAL. In the trial of all cases of felony, it is necessary that the defendant should be personally present in court at each and every material step taken, up to the time when the verdict is to be received ; but if he then wilfully and voluntarily absents himself the verdict may be received and entered in his absence. R. S., sec. 1891.

3. ——— : ——— : TRIAL : MATERIAL STEP. Impaneling and examining the jury is a material and substantive step during the trial, within the meaning of the statute, and the defendant cannot waive the requirement to be present when it is taken.

4. ——— : ——— : PRESENCE OF DEFENDANT. The error of impaneling and examining the jury in the absence of the defendant is not cured by giving him an opportunity to examine them as to their qualifications when the case is called for the purpose of making peremptory challenges and proceeding with the trial.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

REVERSED.

*George Robertson* and *Orlando Hitt* for appellant.

(1) The indictment should charge a complete offence against Ann Crockett as principal, and before starting to allege an offence against the accessories should conclude with the phrase "against the peace and dignity of the state." No venue and time is laid in the indictment against the accessories. The language in the

indictment "on the twenty-eighth day of September, 1882, A. D., at the county of Audrain," etc., refers to the date of the arson as alleged against the principal, Ann Crockett, and not to the acts of the accessories. (2) The coroner is the proper person to appoint when the sheriff is for any reason not qualified to act. R. S., 1879, secs. 3893-4-5. (3) James, the private person appointed to act as sheriff, should have been sworn before summoning the jury and taking upon himself the duties of sheriff. R. S., 1879, sec. 2781. James should have been sworn in accordance with section 6, article 14, of the constitution. (4) The jury was selected from a small piece of territory and from a particular neighborhood of the county. They should have been selected from the body of the county generally. Bill of Rights, sec. 22 ; 2 Shars. Black., 350, *351 ; Proffatt on Jury Trial, sec. 80, p. 117. (5) The defendant should have been in court during the whole of the trial. The trial begins with the plea. 2 Shars. Black., 349, 350, *350, *351, *et seq; Sweeden v. State*, 19 Ark. 209 ; *Sneed v. State*, 5 Ark. 431 ; *Cole v. State*, 5 Eng. 518 ; *Osborn v. State*, 24 Ark. 629 ; *Brown v. State*, 24 Ark. 620 ; *Hopt v. People*, 18 Cent. Law Jour. 269 ; *Sylvester v. State*, 15 Cent. Law Jour., 36 ; R. S., 1879, sec. 1891. (6) It was prejudicial to the rights of the defendant to permit the regular sheriff to serve the process of the court after he had been removed on account of his bias and prejudice against the defendant. (7) The church records were the proper and best evidence as to the acts of the church. (8) The court should have instructed the jury to acquit the defendant at the close of the state's evidence. *State v. Watson*, 31 Mo. 361 ; Wharton's Crim. Evid. [8 Ed.] sec. 441. (9) The deed offered in evidence by·the defendant from the trustees of the Second Baptist Church of Mexico, to the American Home Mission Society, proves that the title to the burned house was not in the said church as alleged in the indictment.

The State v. Smith.

Ownership must be proven as alleged. 2 East P. C., 1035; 28 Ala. 71; 20 Cal. 76; 9 Iowa, 436. (10) The evidence of D. D. Woodward was not admissible in any aspect. 1 Greenleaf's Evid., sec. 99.

*B. G. Boone*, Attorney General, for the state.

(1) The indictment is sufficient. It does conclude "against the peace and dignity of the state." The venue is definitely laid. R. S., sec. 1821; *State v. Simon*, 50 Mo. 370. (2) Timely objections were not made by the defendant to the special sheriff or elisor, James, and he cannot now complain. Thomp. & Mer. on Juries, 81–2; *Rex v. Edmunds*, 4 B. & A. 471; Co. Litt., 158*a*. (3) It is not a ground for challenge to the array that the party who selected the panel had no title to the office of sheriff. Murfree on Sheriffs, sec. 393. Statutes regulating the selecting of jurors have re-peatedly been held by this court to be directory. Unless it appears, and it does not in this case, that defendant was prejudiced by reason of the failure of the trial court to comply with the statutory provision, this court will not interfere. *State v. Pitts*, 58 Mo. 556; *State v. Breen*, 59 Mo. 415; *State v. Knight*, 61 Mo. 373; *State v. Ward*, 74 Mo. 256. The defendant was under bond, not in actual custody, during his trial, and unless it appears affirmatively that he was denied the right or privilege of being present when the panel was examined on their *voir dire* this court will not interfere. The record shows defendant's presence when he was arraigned and made his plea and throughout the trial. If absent when the trial panel was being selected, and it does not affirmatively appear that he was denied the right and privilege of being present, the presumption follows that he was voluntarily absent, and if so he cannot be heard to complain, especially in the absence of any claim of prejudice by reason of such absence. *State v. Grate*, 68

Mo. 22 ; *State v. Brown*, 63 Mo. 438 ; *State v. Bell*, 70 Mo. 633 ; *State v. Lewis*, 78 Mo. 256. The record does not show that the defendant was absent ''during the trial.'' The trial commences with the plea. The plea is made upon arraignment, whereupon the trial jury is sworn and the evidence proceeded with. *State v. Montgomery*, 63 Mo. 299. (4) Defendant should have made timely objection to sheriff Woodward serving subpœnas for witnesses if there had been any ground for the complaint in this behalf. It has been repeatedly held by this court that unless a prosecutor misstates the law or the evidence in his statement or argument to the jury, or takes some undue advantage of the accused, his conduct will not be reviewed. *State v. Hopper*, 71 Mo. 433; *State v. Stark*, 72 Mo. 37 ; *State v. Hoffman*, 78 Mo. 256. (5) While it is necessary to prove the ownership of the property burned as laid in the indictment, the fee need not be proved to be in such owner, but it is sufficient if the alleged owner have such possession as gives a special property in the premises ; this the Second Baptist Church of Mexico had in the building burned. *State v. Moore*, 61 Mo. 276; 2 Bish. Cr. Pro., sec. 36 ; 2 Johns. 105 ; *State v. Lyon*, 12 Conn. 487; *State v. Toole*, 29 Conn. 342. (6) The verdict is sufficiently clear and responsive to the issues to support the judgment. *State v. Ostrander*, 30 Mo. 13 ; *State ex rel. v. Rombauer*, 44 Mo. 590. The errors in the verdict are merely clerical and will not be regarded. *Holmes v. Braidwood*, 82 Mo. 610. Calling the jury by the clerk when they come in with their verdict is merely formal, and to enable defendant to be heard on account of a failure to do this, he must show that he was prejudiced.

RAY, J.—Defendant Ann Crocket was indicted at the June term, 1883, of the Audrain circuit court for arson, and the other defendants, Smith, Redman and Glover, were jointly indicted with her for inciting, etc.,

The State v. Smith.

her to commit the offence. At said term' the prosecut-
ing attorney entered a *nolle* as to the defendant Ann
Crocket. A severance was taken and a separate trial of
the defendant Smith at the October term resulted in the
failure of the jury to agree.

At said first trial defendant made affidavit against
the sheriff and his deputy, charging them with prejudice
against him, and the court thereupon appointed one
Dobyns to summon the special *venire*—and said Dobyns
acted in that behalf at the first trial of the cause. At
the January term (when the second trial occurred and
this conviction was obtained) said Dobyns declined to
further act, and the court thereupon (against the objec-
tion of defendant) appointed one Joseph James, who
was not the coroner of the county, to act in this behalf.
Defendant renewed his said objection to the appoint-
ment of said James and his authority to summon the
jury, by filing his motion to quash the panel, upon said
ground, among others, that the court having found the
sheriff disqualified to act in summoning the jury, by
reason of prejudice against defendant, the coroner of
said county was the only officer designated by the
statute to act in this behalf in the place of said sheriff.
R. S., 1879, secs. 3893-4-5. This motion was overruled
and this action of the court is assigned and urged here
as error.

At common law the coroner was authorized to per-
form the duties devolved on the sheriff in summoning a
jury, whenever the sheriff was incompetent to act, and
in this event the process of the court was directed to the
coroner instead of the sheriff. If it was suggested or
made to appear that the coroner was also disqualified
then the court appointed persons of its own nomination
called elisors to act in that behalf. Said elisors were
particular officers of the court, acting under its special
authority. Section 3894, Revised Statutes, provides
that "every coroner within the county for which he is

elected or appointed shall serve and execute all writs and precepts and perform all other duties of the sheriff, when the sheriff shall be a party, or when it shall appear to the court out of which process shall issue, or to the clerk thereof in vacation, that the sheriff is interested in the suit, related to or prejudiced against any party thereto, or in any wise disqualified from acting.'' Section 3895 authorizes the coroner to perform the duties of the office of sheriff whenever the same shall be vacant by death or otherwise, until another sheriff shall be appointed and qualified. In the case at bar it was not made to appear, or even suggested, that the coroner of said county was under any disability to act in the matter of summoning the jury, and under this state of facts, the sheriff being thus disqualfied and removed, the coroner was the proper officer both at common law, and under the statute, to act in that behalf. We have been referred to a class of cases holding, in effect, that the capacity of an officer, such as a sheriff duly commissioned and acting as such cannot be inquired into collaterally upon a motion to quash the *venire*, but these cases are, we think, not applicable.

The plain purport of the statute is to substitute the coroner for the sheriff in respect to the duties of such office, whenever the contingencies contemplated arise, and where the law thus devolves the performance of such duties upon a designated officer, they are not authorized to be performed by another officer, or by any different person, without at least some suggestion of disability on his part, except in the cases and upon the terms provided in Revised Statutes, section 3893. In executing the special *venire*, the officer exercises the power of selection confided to the sheriff at common law, and the character of the officer performing this duty is important and material, and if such duty is performed by an officer not authorized, this is, we think, a good ground of challenge to the array. Thompson and

Merriam on Juries, 115. *State v. Newhouse*, 29 La. 824. As one of the contingencies contemplated by the statute had arisen and the court upon that ground had removed the sheriff, the special *venire* should, we think, have been directed to the coroner of the county as provided by the statute, in the absence at least of any suggestion of inability on his part for any cause to act in that behalf.

Another error complained of is, that the defendant was not present in court, whilst the jury was being impanelled and examined as to their qualification to sit as jurors in the cause. The facts in this behalf, as the same appear in the record before us, are as follows: The defendant was not in court, except by his counsel, when the *venire facias* was issued, nor when it was returned by said James, nor when the jury was examined, on the *voir dire*, nor at any time during the proceedings in said cause, till the jury was called to try the same on the eighth day of February, 1884, at one o'clock P. M., which was four days after the *venire* was issued, and forty-eight hours after said jury was examined on the *voir dire*, but at the expiration of the forty-eight hours from the time the copy of the list of jurors was served on the defendant, and before the state or the defendant was required to make challenges. The said panel of jurors being present in court, and the defendant in person also being present, and his attorney also, the court then informed defendant and his counsel that they now had an opportunity to make such further examination of the jurors as they might deem proper, whereupon defendant's attorney said they would then demand an additional forty-eight hours before making their challenges, which the court refused to give, and defendant's counsel thereupon declined to make such further examination of the jurors. Before exercising his right of peremptory challenges defendant filed his motion to

quash the panel upon said ground of his absence as afore-said, which the court overruled and·defendant excepted.

The question thus presented involves a construction, in connection with this state of facts, of Revised Statutes, section 1891, which provides that, ''No person indicted for a felony can be tried unless he be personally present during the trial  *   *   *;   and that in all cases the verdict of the jury may be received by the court and entered upon the records thereof in the absence of defendant, when such absence on his part is willful and voluntary *   *   *. and that when the record in the appellate court shows that defendant was present at the commencement or any other stage of the trial, it shall be presumed, in the absence of all evidence in the record to the contrary, that he was present during the whole trial.''   At common law, if the accused was in such cases absent, either in person or by escape, there was by reason of his said absence, a want of jurisdiction over the person, and the court could not proceed with the trial or receive the verdict or give judgment.   Cooley's Const. Lim., 390.   But under the statute if the absence of the defendant is wilful and voluntary, the court is authorized to receive and enter the verdict, and this is, by the express terms of the statute, the only action the court is authorized to take ''during the trial'' where the same is for a felony, unless the accused is ''personally present.''   In other words the statute means, we think, that in all cases of felony, it is necessary that the defendant should be personally present in court at each and every material step taken during the trial up to the time when the verdict is to be received, when the particular steps mentioned in the statute, of receiving and entering the verdict, may be taken in his absence, if the same is wilful and voluntary.   Impaneling ˙and examining the jury is, we think, manifestly a material, substantive and important step ''during the trial,'' within the meaning of this section.

. As was said in the case of *Hopt v. People*, 18 Cent.. Law Jour., 271; s. c., 110 U. S. 574, which involves,. we think, the same principle and question as the one at: bar, "the prisoner is entitled to an impartial jury, com-- posed of persons not disqualified by the statute, and his: life and liberty may depend upon aid which by his pres- ence he may give to counsel and to the court in the selection of jurors. The necessities of defence may not be met by the presence of his counsel only. For every purpose, therefore, involved in the requirement that the defendant shall be personally present where the indict-- ment is for a felony, the trial commences at least from: the time when the work of impaneling a jury begins."

In the case at bar, the accused was out on bond and: not in prison or custody, but this, we think, under the statute, makes no difference even, if we must infer, as suggested by counsel, that his said absence was voluntary on his part. As already said, if his absence is wilful. and voluntary, the verdict may be received and entered of record, for the reason that these steps during the trial are expressly authorized by the statute, but the express- ion of authority therein to do these particular acts, must be held to exclude all authority to take any other step "during the trial," unless the accused is personally present. This requirement of the statute is one he can- not waive. It is not made for his benefit only and his rights are not all that is involved, or contemplated in said enactment. In the case already cited the court further says: "We are of opinion that it is not within the power of the accused or his counsel to dispense with the statutory requirement as to his personal presence at the trial. The argument to the contrary proceeds upon the ground that he alone is concerned as to the mode by which he may be deprived of life or liberty, and that the chief object of the prosecution is to punish him for the crime charged. But this is a mistaken view, as well of the relation which the accused holds to the public, as of

the end of human punishment. * * * The public has an interest in his life and liberty. Neither can be lawfully taken except in the mode prescribed by law. That which the law makes essential in proceedings involving the deprivation of life or liberty, cannot be dispensed with or affected by the consent of the accused, much less by his mere failure when on trial and in custody to object to unauthorized methods. * * * Such being the relation which the citizen holds to the public and the object of punishment for public wrongs, the legislature has deemed it essential to the protection of one whose life is involved in a prosecution for felony, that he shall be personally present at the trial, that is at every stage of the trial when his substantial rights may be affected by the proceedings against him. If he be deprived of his life or liberty without being so present, such deprivation would be without that due process of law required by the constitution." To the same effect is the line of cases to which we have been referred decided in the Supreme Court of Arkansas. See *Osborne v. State*, 24 Ark. 629 ; *Brown v. State*, 24 Ark. 620, and earlier cases in same court cited in cases just mentioned.

But it is contended for the state that this omission is cured by the subsequent offer of the trial court, when the case was called for the purpose of making peremptory challenges and proceeding with the trial, to allow the accused to then examine the jury as to their qualifications, and that as he declined to do so at this time none of his substantial rights were affected prejudicially. But this view is, we think, not satisfactory for a variety of reasons. In the first place, examining the jurors when the accused was not personally present, was not merely an irregularity in the mode and process of impanelling the jury, as to which a large discretion is allowed the trial court, and whose action it is said will not, as to such irregularities, be reviewed unless some actual prejudice to the defendant is made to appear, but

on the contrary, the examination conducted in his absence, as we have seen, was a breach and infringement of the statute requiring the accused to be personally present at this step during the trial and this in and of itself, and as a matter of law, sufficiently shows the prejudice; or in other words prejudice to the rights of the accused is, under such circumstances, presumed, without any showing in that behalf. The court, upon discovering the absence of the accused during said examination, doubtless thought it could give the defendant the full benefit of his substantial rights by permitting him to then and there examine the jurors as to their qualifications, without discharging the entire panel, or without allowing any further period of time, as demanded by defendant, before requiring the exercise by the parties of their peremptory challenges.

But the examination of jurors as to their qualifications as such, does not, we think, consist altogether or exclusively in their examination in said respect by the accused, or his counsel, which is the extent of said offer so made by the court. Their examination by the prosecuting attorney, or by the court, or both, as to their qualification under the statute, and such further examination, if any, became necessary or proper in the examination of the case, as to other causes of disqualification than those mentioned in the statute, and such other examination made by the state's attorney, if any, with a view to the exercise of his peremptory challenges, all constitute a part, or may do so, of the examination and trial of the jurors in this behalf. The opportunities for observing the conduct and bearing and manner of the juror throughout the whole examination, as well that by the state as that on his own behalf, may be of great value to the accused. The accused has opportunities thus afforded for inquiry, and comparison and for inspection of the jurors personally as they thus undergo the examination as a whole. The practice at

common law required the examination of the jurors singly, so that the accused should not be confused "by looking upon a multitude of faces at once," but might have opportunity to scan the countenance and observe the demeanor of each separately. But whether this practice prevails or not, it is the intention and aim of the law to provide liberal facilities and opportunities for securing a fair and impartial jury. Even if the time and facilities intended to be provided by the law for the selection of the jury were not in fact abridged by this action of the court, there had been an infringement of the statutory requirement that the accused should be personally present during the trial, for the jury had been in part examined touching their qualification during his absence. This was, we think, a ground of challenge to the array, and as the defendant was insisting upon his right under the statute to be personally present during this part of the trial, his said motion should have been sustained upon this ground.

For the reasons above stated, we are of opinion, that the trial court erred in overruling defendant's motions, above complained of, and for that reason, its judgment is reversed and the cause remanded for further proceedings, in conformity hereto. All concur, except Henry, C. J., not sitting.