**STATE of Missouri, Respondent,**

v.

**Richard Allen WARREN, Appellant.**

**No. 39510.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 6, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 13, 1979.

Application to Transfer Denied
May 17, 1979.

Robert C. Babione, Public Defender, Mary Louise Moran, Sara T. Harmon, Harry Roth, Asst. Public Defenders, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, James W. McCarty, Asst. Circuit Atty., for respondent.

ALDEN A. STOCKARD, Special Judge.

Richard Allen Warren was found guilty by a jury of attempted burglary, second degree, and pursuant to the Second Offender Act, § 556.280 RSMo.1969, was sentenced by the court to imprisonment for a term of five years. He has appealed from the ensuing judgment. We affirm.

On October 23, 1976, two police officers observed three black males, one of whom was appellant, park an automobile and approach a building used as a slaughterhouse by the Grote Meat Company. The three persons climbed onto the roof of the building, walked to a ventilation fan with louvered shutters, and began prying on the louvers with a crowbar. The officers could hear the sound of cracking metal and wood.

They shouted at the three men who ran to the rear wall where they were met by police officers and arrested.

Trial began on June 1, 1977. Appellant was present with retained counsel, and he remained present throughout the day. He was not in custody but was free on bond, and when court was recessed at the end of the day "everybody," including appellant, was told to be back the next morning at 9:30 o'clock. However, when court opened the following morning appellant was not present. The court recessed the trial while appellant's attorney and bondsman attempted to locate him. The court personally talked by telephone to appellant's wife, but she stated she had no knowledge of his whereabouts. At 1:30 o'clock in the afternoon the court directed that the trial proceed in the absence of appellant, and the jury returned a verdict of guilty.

On the morning of the following day, June 3, appellant appeared in court with his bondsman and attorney. After being afforded time to confer with his attorney, appellant stated to the court that on the previous day he left his house and took a bus to the court and got inside the building but he then became "scared" and left. He admitted that he was told to be back at court at 9:30 o'clock on the morning of June 2, and that he had not been threatened by anyone. The court concluded that appellant's absence was "completely" voluntary, and declined to set aside the verdict.

Appellant's first point is that it was prejudicial error for the court to proceed with the trial in his absence. He contends that to do so "violated [his] rights to confrontation of the witnesses against him, effective assistance of counsel and a fair trial * *." He also asserts that continuing the trial in his absence "violated [his] statutory entitlement to be present at all stages of his trial," citing § 546.030 RSMo.1969.

In *State v. Drope*, 462 S.W.2d 677 (Mo. 1971), the Supreme Court of this State expressly ruled that by willfully and voluntarily absenting himself from his trial a defendant can waive his constitutional and statutory right to be present, and assuming

that this court disagreed with that ruling, which it does not, it would still be bound to follow it. We shall, however, set forth here the applicable rules as announced by our Supreme Court, and demonstrate their application to the facts of this case.

■ The trial court found that appellant's absence was voluntary on his part. We agree. The evidence does not reasonably permit any other conclusion, and appellant does not contend on this appeal that his absence was not willful and voluntary.

■ Art. I, § 18(a), Constit. of Mo. provides that "the accused shall have the right to appear and defend, in person and by counsel." The Sixth Amendment to the United States Constitution provides that "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *." This guarantee is obligatory upon the States. *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Appellant asserts in his brief that it is basic to these rights that the accused in a criminal proceeding "be present in the courtroom at every stage of the trial," and that his presence is "fundamental to the right to adequate assistance of counsel" and to the "right to a fair trial." Appellant also cites and relies on § 546.030 RSMo.1969 which provides that "No person indicted for a felony can be tried unless he be personally present, during the trial; * * *," but "in all cases the verdict of the jury may be received by the court and entered upon the records thereof in the absence of the defendant, when such absence on his part is willful or voluntary, * * *." The substance of this statutory provision is found in Rule 29.02 which provides that no person shall be tried upon an indictment or information for a felony unless he be personally present during the trial, and Rule 29.03 which provides that in all cases the verdict of the jury may be received by the court and entered upon the record in the absence of the defendant when such absence is willful or voluntary on the part of the defendant.

Appellant states in his brief that "Both federal and state case law have gradually whittled away" the above constitutional and statutory guarantees, but he argues that "the prejudice he suffered by reason of the trial court's insistence upon trying him in his absence was so great as to require reversal." Apparently he recognizes that applicable case law would authorize the trial to continue in his willful and voluntary absence, so he asserts that in the circumstances he was peculiarly prejudiced. He relies on the fact that evidence identifying him as one of those who attempted to burglarize the building was received in his absence, and that "he may well have intended to put on evidence or testify on his own behalf." We note, however, that on the day following the return of the verdict and before he was sentenced and judgment was entered, he made no such contentions to the trial court, and he does not now indicate to this court what his evidence or testimony would have been. We find no prejudice to appellant other than the normal and expected result of the voluntary absence from trial by an accused. Therefore, the essential questions here, as was the situation in the *Drope* case, are whether by voluntarily absenting himself from a portion of his trial, an accused can waive his constitutional right to be present, and whether Rule 29.02 permits a waiver by an accused of his right to be present at every phase of his trial.

After considering *Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973), and *Illinois v. Allen,* supra, appellant admits in his brief that it is "apparent that a criminal defendant can waive his *constitutional* right to be present at trial," but he asserts "that right *cannot* be waived when a statutory scheme exists expressly prohibiting such waiver," and he asserts that § 546.030 (Rule 29.02) does prohibit such a waiver.

As previously stated, in *State v. Drope,* supra, this precise issue was considered and ruled adversely to appellant's contention. It was there pointed out that

although in *State v. Crocket,* 90 Mo. 37, 1 S.W. 753 (1886) it was held that the statute (now incorporated in Rule 29.02 and Rule 29.03) excluded all authority to take any action other than to receive a jury verdict in defendant's absence, in *State v. Brewer,* 109 Mo. 648, 19 S.W. 96 (1892), it was stated that the *Smith* case "went to the extreme." It was further pointed out that in the later case of *State v. McCrary,* 365 Mo. 799, 287 S.W.2d 785, 790 (1956), the Supreme Court of this State reviewed in detail the history of the statutory provisions as now contained in § 546.030 (and set forth in Rules 29.02 and 29.03) and said: "We think that the present wording of our statute, § 546.030, [and Rule 29.03] permitting the reception of a verdict during the voluntary or willful absence of the defendant is declaratory of a policy that such *rights* may be waived. We do not agree with the statement in *State v. Smith,* supra, that the expression of that exception necessarily excludes all other exceptions, and that in no other instance may the actual presence of defendant be waived. * * * We do not believe that the legislature meant to say that the defendant must, in all events, be present at every other stage of the trial." The court then quoted further from the *McCrary* case as follows: "But to hold that a defendant, who is at liberty during the trial, must in all events be present at every material step, is to place in his hands the power completely to nullify the trial. If he should absent himself and remain away the court would simply have to suspend all proceedings, and eventually discharge the jury and declare a mistrial." See also *State v. Whites,* 538 S.W.2d 70 (Mo.App.1976), and *State v. Colbert,* 344 S.W.2d 115, 118 (Mo.1961). In the latter case the defendant was absent at a phase of the trial other than the receipt of the verdict, and it was ruled that he "failed to exercise and therefore waived his right and privilege to be present." It was expressly held in the *Drope* case that the defendant's intentional act which prevented his presence at trial "constituted a waiver of [defendant to] his right to be present." From the above it is clear that it is the rule in this State that the constitutional right to be

present and confront witnesses can be waived by voluntary and willful acts of an accused, and that Rule 29.02 does not prohibit that waiver. Not only do we agree with that ruling, this court is bound to follow it.

■ We find and conclude that appellant voluntarily and willfully absented himself from a portion of his trial, that he thereby waived his right to be present, and that under the circumstances the trial court did not prejudicially err in proceeding with the trial in appellant's absence.

By his second point appellant contends that the State did not prove "that [he] had a prior conviction under the Second Offender Act," because mere "similarity of names is insufficient to support a finding * * * that appellant Richard Allen Warren, is the Richard Warren referred to in the records" which were presented and received in evidence as proof of prior conviction.

Appellant was described in the information as "Richard Allen Warren, also known as Richard Warren" the proof of the prior conviction of a felony consisted of a certified copy of a judgment showing that "Richard Warren was on December 7, 1972 sentenced to imprisonment for a term of five years by the Circuit Court of Jackson County for burglary, second degree. The State also introduced in evidence a certified copy of the commitment record of Richard Warren maintained by the Department of Corrections containing his physical description, and which stated that he had been received on January 12, 1973 to serve a sentence of five years for burglary, second degree, imposed by the Circuit Court of Jackson County.

■ This contention must be reviewed, if at all, pursuant to Rule 27.20(c) the plain error rule, because appellant made no objection at trial to proceed under the Second Offender Act, and there is no allegation of error concerning this issue in the motion for new trial. See *State v. Lockhart,* 501 S.W.2d 163 (Mo.1973). Because of the implied contention that appellant was denied the right to have the jury determine the punishment, we shall determine if there occurred plain error within the meaning of Rule 27.20(c).

■ In *State v. Cook,* 463 S.W.2d 863, 868 (Mo.1971), the proof of a prior conviction contained the name of the defendant as "Sam Cook" when his name was "Samuel J. Cook." The court held: "[I]dentity of names is *prima facie* evidence sufficient to establish the accused's identification for the purpose of showing a prior conviction under the Second Offender Act. * * * 'Sam Cook' is not identical with 'Samuel J. Cook' but the difference between the two names is not significant. * * * we reannounce the principle that '[g]enerally, a middle name has little, if any, legal significance.' " The court also commented that the trial court had every opportunity to compare the person before it with the detailed physical description of the person named in the record of commitment. That was the situation in this case, and we further note that neither at trial nor on this appeal does appellant contend that he was not the person named in the record received in evidence. The State met its burden of proof, and we find no error, much less plain error within the meaning of Rule 27.20(c).

Appellant next asserts as plain error under Rule 27.20(c) that the court committed prejudicial error in failing to enter a judgment of acquittal because, as he asserts, the evidence was insufficient because "no evidence was adduced that the building was secured prior to the alleged attempt burglary."

Appellant relies primarily on the statement *in State v. Allen,* 344 Mo. 335, 126 S.W.2d 236 (1939), that "[O]ne of the essential elements of proof of a charge of burglary is that there must be a breaking into and an entry. If the doors and windows were left open, there could be no burglary." In that case the defendant was charged under the third subdivision of what is now § 560.-040 RSMo.1969, which provides that the breaking and entry of a dwelling house of another in which there shall be at the time some human being with intent to commit some felony or larceny therein, shall consti-

tute burglary in the first when accomplished "by unlocking an outer door by means of false keys, or [by] picking the lock thereof." There was no proof that the doors had been secured or closed or even that the building had a door. By the quotation set out above the court was merely saying that there was no proof that entry was obtained "by unlocking an outer door" or by use of "false keys." That is immaterial to the charge in this case.

 Appellant was not charged with burglary, but with attempted burglary. Therefore the State was not required to show a completed offense, but only an overt act toward its commission with the required intent, failure of commission, and apparent possibility of commission. This was all clearly shown by the evidence. In this case appellant did not attempt to enter the building by breaking a door or window or by entering an open door or window. Instead, he and his companions attempted to enter the building by breaking open a louvered ventilation fan located on the roof. It has been stated that "the entry must be consequent upon the breaking," and if an entry is made through an open door after a breaking was made at another place, there was no burglary. *Regina v. Davis,* 6 Cox C.C. 369 (1854). See also the discussion in Perkins On Criminal Law, Chapter 3, § 1, Burglary at p. 198 et seq. By analogy, if there exists an open door or window, but the burglar elects to break into and enter the building at another place, the offense of burglary is completed. Therefore, in the circumstances of this case it was immaterial that there was no evidence "that the building was secured," as appellant contends.

Appellant's final contention is that the trial court committed plain error when it questioned Mr. Grote "concerning what valuables, if any, were stored in the building," and concerning the accessibility of the interior of the building through the opening that appellant and his companions were attempting to make. This occurred when appellant was present, but there was no objection and the issue is not mentioned in a motion for new trial. Appellant's defense,

according to his attorney's opening statement, was not that an attempted burglary did not occur, but that he was not one of those who made the attempt.

The general rule is that interrogation of a witness by the court is proper when the purpose is to clarify matters for the jury or to develop more fully testimony already given. *State v. Clark,* 522 S.W.2d 332 (Mo.App.1975). We find nothing in the questioning by the court which tended to impair or give the appearance of impairing the neutrality of the court. It neither disparaged the appellant nor expressed favor for the prosecution and was not improper. See *State v. Pearson,* 519 S.W.2d 354 (Mo. App.1975). It could not constitute plain error within the meaning of Rule 27.20(c)

The judgment is affirmed.

DOWD, P. J., and CRIST, J., concur.