**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Roger Louis CHEEKS,
Defendant–Appellant.**

**No. 40141.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 26, 1980.

William Shaw, Public Defender, William B. Haller, Clayton, for defendant–appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for plaintiff–respondent.

CRIST, Judge.

Defendant appeals his jury conviction for stealing property of a value of at least $50.00. Pursuant to the Second Offender Act, the trial court assessed defendant's punishment at four years imprisonment. We affirm.

Defendant and two female accomplices took three coats from the Famous–Barr store in Clayton, Missouri. Defendant was stopped by a security guard as he left the store and the police were summoned. Defendant, in a statement made to police, noted that he, his brother and the two girls, "had been to the downtown Famous earlier in the evening, did not get anything, and decided to go to the store in Clayton."

The aforementioned quote (an excerpt from the testimony of one of the officers to whom defendant had made his oral statement) was the subject of an objection and a motion for mistrial on the ground that, "[i]t is a subtle attempt to introduce evidence on another crime, a similar type of offense." The trial court overruled the objection and attendant motion.

Apparently not content with this stroke of good fortune, the prosecutor opted to press his advantage during closing argument. With specific reference to the officer's testimony that defendant's statement alluded to having been at the downtown Famous–Barr, the objectionable portion of the prosecutor's argument was as follows:

"What else? He tells you he had been downtown at Famous–Barr, they did not get anything down there. I think there is a reasonable inference as to what they were downtown at Famous–Barr to do–."

Although the trial court refused defense counsel's request for a mistrial regarding the "reasonable inference," it did orally instruct the jury to disregard the prosecutor's comment.

On appeal, defendant has charged the trial court with error in its failure to declare a mistrial regarding both the officer's testimony and the prosecutor's argument in that both were utterances designed to call the jury's attention to another, similar crime.

Defendant's challenge is particularly imperceptive as it pertains to the officer's testimony. The testimony of the officer which made reference to the oral statement defendant gave police did not associate defendant with the commission of a separate crime. *State v. Jones*, 523 S.W.2d 152, 155 (Mo.App.1975). Absent evidence which links the accused with another crime, the exclusionary rule does not apply. *State v. Nickens*, 581 S.W.2d 99, 101 (Mo.App. 1979).

The comment of the prosecutor stands on somewhat more rarefied ground. However, he never mentioned precisely what "reasonable inference" could be drawn from defendant's presence at the downtown store and, although such a comment is not to be condoned, we cannot say that the trial court abused its discretion when it refused to declare a mistrial. *State v. Williams*, 588 S.W.2d 70, 73–74 (Mo.App.1979).

Finally, defendant laments that the following circumstances led the trial court to commit error:

Defense counsel asked the court for a recess indicating his client's desire to "go to the john or what." Defendant, on bond and free of restraint, was to be the next witness. The trial court granted the request and, because it was already 12:30 p. m., the court declared an hour for noon recess.

Court reconvened at 1:30 p. m. but defendant failed to appear. The trial court

stayed the proceedings until 2:35 p. m., at which time defense counsel asked for a further continuance so as to locate his client. A number of defendant's family members were present in the courtroom but none could provide a clue as to his whereabouts. Despite defense counsel's suggestion that defendant's absence was involuntary, the court concluded otherwise and proceeded with the trial. Defense counsel's motion for a mistrial was summarily overruled.

Defendant did not again appear in court until extradited from Illinois to face sentencing. When asked by the court if he had any legal reason for not being sentenced, defendant stated:

"Yes, sir. I would like, you know a lawyer because I would like to explain the problems that I was having, you know, while I was in front of the jury. You know, I was real nervous and shaky. I hadn't eat breakfast, and I would like, you know, to have a chance to explain myself, you know."

The trial court rejected defendant's "legal" reasons for absenting himself from trial and imposed sentence.

▋ By willfully and voluntarily absenting himself from his trial, a defendant can waive his constitutional and statutory rights to be present and confront witnesses. *State v. Warren*, 579 S.W.2d 723, 726 (Mo. App.1979). There was no evidence that defendant's absence was other than voluntary and, accordingly, there arises a presumption, not overcome by evidence, that defendant's absence was voluntary. *State v. Whites*, 538 S.W.2d 70, 73 (Mo.App.1976).

▋ There exists an additional reason that defendant must lose his appeal. Defendant's brief is not in compliance with Rule 30.06(h) in that the argument portion of his brief (on *both* points relied on) failed to include page references for the facts gleaned from the record on which he intended to rely. *State v. Laususe*, 588 S.W.2d 719, 722 (Mo.App.1979).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.