STATE of Missouri, Plaintiff–Respondent,

v.

Edward Andre WELTH, Jr., Defendant–Appellant.

No. 15107.

Missouri Court of Appeals, Southern District, Division II.

Feb. 9, 1988.

Gary M. Wilson, Asst. Public Defender, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

The defendant was charged as a persistent offender with four counts of burglary and two counts of arson. He was found to be a persistent offender. A jury found him guilty of each count. The trial court sentenced him to imprisonment for 15 years on each count, to run concurrently.

The defendant's point on appeal does not require a statement of the evidence establishing his guilt of the offenses. His sole point is that the trial court erred by conducting the trial in the defendant's absence. He relies upon § 546.030 which in general provides that a defendant charged with a felony must be present during his trial. However, he recognizes that a defendant can voluntarily waive this right to be present. See *State v. Cotton*, 621 S.W. 2d 296 (Mo.App.1981); *State v. Cheeks*, 604 S.W.2d 30 (Mo.App.1980). But, he argues "that the evidence demonstrates that his absence from trial was neither willful nor voluntary. The defendant, at the time of trial, was suffering from a painful physical injury that made it impossible to sit through proceedings and vitiated the voluntariness of his waiver of the right to be present."

The defendant in the process of his arrest, approximately five months before his trial, broke one of the small bones in his wrist. He was seen by the county coroner, a medical doctor, whose duties included medical supervision for prisoners in the county jail. The defendant was referred for treatment to an orthopedic specialist who placed the wrist in a cast. He had been re-examined at least once by the orthopedic specialist. He was examined periodically by the physician for the prisoners. This included an examination during a fast by the defendant. At an undisclosed time, the defendant removed the cast from his arm contrary to his physician's advice. The defendant claimed he had re-injured his hand a few days before the trial. He contended he had had inadequate medical treatment and had not been given a necessary prescription. Before the voir dire examination of the jury, the defendant complained of his arm. That included this statement: "I'm sitting here and I mean I'm in continuous pain right now. I'm not comfortable. If you're wanting to continue this, fine, but I ask for myself to be removed from the court, because I can't sit here all day like this." The court then announced that he had misunderstood the defendant as he thought the defendant was asking for a continuance. After a further colloquy, the court made the following statement and the defendant made the following reply:

THE COURT: All right. Well, as I understand you, and correct me if I'm wrong about this, you have requested that you be excluded from the courtroom during your trial, is that what you're saying?

MR. WELTH: If I can't get any other type of relief, then yes.

During a recess, the county physician again examined the defendant. His testimony concerning the defendant's condition included the following questions and answers:

Q. Doctor, do you see a continuing medical problem with that hand?

A. No, nothing out of the ordinary. You would expect, and in his case it is true, you would expect some lingering discomfort and occasional bouts of pain, but that's not out of order at all.

. . . .

Q. Based upon your examination of Mr. Welth's hand, do you have a prescribed treatment at this time?

A. My opinion is that the injury is healing in a normal fashion and does not require any special attention or any special services.

Q. Would you have prescribed any type of medication at this time?

. . . .

A. I don't believe that any special medication is indicated.

. . . .

Q. And is there anything about the condition of his left hand that requires him to be in any particular position?

A. None that I'm aware of.

Q. Is there anything about sitting in a chair in the courtroom that would cause him any special difficulty?

A. No, sir.

At the conclusion of the testimony, the trial court announced to the defendant that if he was excluded from the courtroom it would be because he voluntarily gave up his constitutional right to be present. The trial court additionally found that the defendant's desire to be removed was not motivated by oppression or duress for failure to give medical treatment. The court concluded, "[s]o if you desire to do those things, it'll be a voluntary act on your part. As I said, you can voluntarily give up any of the constitutional rights that you have." The matter was concluded with the following exchange:

THE COURT: Well, Mr. Welth, I have ruled on the matter. I have ruled that you do have the capacity, free of any oppression and free of any duress, to voluntarily waive your constitutional rights. Now, I don't think—your attorney has spoken to the question. Your attorney says that you will be of some assistance to him here and that he doesn't [sic] you to be excluded from the courtroom, but, you know, if you want to be I guess I can't stop it, because—

MR. WELTH: I voluntarily ask to be removed because I'm not, you know, receiving any type of treatment here, so I see no reason for me to be here if I'm not going to receive the treatment I should be given. So I'd just rather—I'll just make that request, I volunteer.

It is clear the defendant sought to be removed from the courtroom as a protest for what he considered to be inadequate medical treatment and the failure of the county to provide him with a prescription. "By willfully and voluntarily absenting himself from his trial, a defendant can waive his constitutional and statutory rights to be present and confront witnesses." *State v. Cheeks,* supra, at 32. The trial court found the defendant did voluntarily absent himself from his trial. That finding is supported by all of the evidence. The defendant's point on appeal is denied and the judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.