**STATE of Missouri, Plaintiff–Respondent,**

*v.*

**Jerry MANES, Defendant–Appellant.**

No. 21528.

Missouri Court of Appeals, Southern District, Division One.

Jan. 28, 1998.

James C. Cox, Asst. Appellate Defender, Kansas City, for Defendant–Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ann R. Littell, Asst. Atty. Gen., Jefferson City, for Plaintiff–Respondent.

PREWITT, Judge.

Following trial by jury, Defendant was found guilty of sodomy and rape and was sentenced to consecutive terms of life imprisonment on both counts. Defendant appeals, presenting two points relied on.

■ For his first point, Defendant asserts that the trial court erred in determining that Defendant had decided not to testify and then proceeded to conclude the trial after Defendant had left and had not returned to the courtroom. The trial court had excused the jury to hold a hearing to determine if Defendant was going to testify. The jury was excused about 1:30 or 1:45 p.m., and after looking for Defendant for fifteen to twenty minutes, the bailiff reported that he had made a thorough search of the courthouse and was unable to locate him. The trial judge denied a request for a recess until morning, but took a short recess so that Defendant's attorney could try to locate him. Defendant's attorney requested a mistrial, or, if the mistrial was not granted, that the court not mention Defendant's absence. The request for mistrial was denied, but the court agreed not to mention that Defendant was not there. The matter proceeded with instructions and closing arguments.

Had he wished to testify, Defendant had the opportunity to do so. By exiting the courtroom, and apparently the courthouse, when he could have testified, Defendant waived that right and the court did not err in concluding the trial in his absence. *See State v. Cheeks*, 604 S.W.2d 30, 32 (Mo.App.1980). The record establishes, as the trial court apparently found, that Defendant knew the case was to continue, but left voluntarily. Under these circumstances, he cannot complain. *Id.* Point I is denied.

■ For his second point, Defendant contends that the trial court erred in admitting testimony and exhibits regarding two tattoos on the victim which she said Defendant insisted that she have and put on her with a "home-made tattoo gun." The victim was asked six questions about the tattoos and following the seventh question, Defendant's attorney stated, "I'll object to anything about tattoos as not relevant." The trial court overruled the objection. In order to preserve an evidentiary question for appellate review, an objection needs to be made at the first opportunity. *See Smith v. Kovac*, 927 S.W.2d 493, 500 (Mo.App.1996). A party is "obliged to object at the earliest opportunity once the objectionable character of the testimony became apparent." *State v. Guy*, 770 S.W.2d 362, 367 (Mo.App.1989). *See also*

*State v. Reynolds,* 782 S.W.2d 793, 797 (Mo. App.1989). Failure to do so establishes that we can only review for plain error affecting substantive rights under Rule 30.20. Under the standard contained in that rule, we find no error. Point II is denied.

The judgment is affirmed.

MONTGOMERY, C.J., and GARRISON, P.J., concur.