In the Interest of S.H.

No. ED 79661.

Missouri Court of Appeals,
Eastern District,
Division One.

April 16, 2002.

Nancy Vidal, St. Louis, for Appellant.

Susan C. Guerra, St. Louis, for Respondent.

WILLIAM H. CRANDALL, JR., Presiding Judge.

Appellant, S.H., a juvenile, appeals from the trial court's judgment finding that he committed the offenses of possession of a controlled substance, of operating a motor vehicle without a valid driver's license, and of truancy. The court awarded care, custody, and control of S.H. to the Division of Youth Services for appropriate placement in a residential facility. We reverse and remand.

On April 12, 2001, the juvenile officer filed an amended petition, alleging that the juvenile came within the jurisdiction of the juvenile court under section 211.031.1(2), RSMo (2000) and that he violated the juvenile code due to possession of a controlled substance, truancy, and driving without a driver's license. That same day, the trial court appointed counsel to represent the juvenile. Within three days, the court held a detention hearing, released S.H. to his mother's custody, and ordered him and his mother to appear for trial at 9:30 a.m. on May 11, 2001.

On May 11, neither the juvenile nor his mother appeared at the trial. A police officer, a police criminalist, a school social worker, and a deputy juvenile officer appeared and were ready to testify. At the outset, the following exchange occurred:

THE COURT: ... [I]s the Deputy Juvenile Officer ready to proceed?

[JUVENILE OFFICER]: Yes, Your Honor.

THE COURT: [Juvenile's counsel], is the juvenile ready to proceed?

[JUVENILE'S COUNSEL]: No, Your Honor. I would request a continuance

based on the fact that the juvenile is not in attendance.

THE COURT: [Juvenile Officer], any response?

[JUVENILE OFFICER]: Your Honor, the rule does say that the Court has the authority to exclude a juvenile from proceedings except in delinquency cases. We are here today on a delinquency case, and the Court is not excluding the juvenile, the juvenile on his own volition has chosen not to appear. And I believe the Court has the authority then to proceed in his absence.

THE COURT: [Juvenile's counsel], that's my view is that once the juvenile is placed on release from detention he then has the privilege of showing up, and his failure to appear is not something that—he's not being excluded from the proceeding. Also you have every opportunity to put on all of the evidence, and he's made a choice of his own not to appear. So your request will be denied. . . .

[JUVENILE'S COUNSEL]: Only, Your Honor, I will object to proceeding based on the Fifth, Fourteenth, and Eighth Amendments of his right to aid counsel and the right to confront the witnesses. I'd like that noted on the record.

[THE COURT]: . . . Your motion is overruled.

The trial court then proceeded to trial without the juvenile being present. The juvenile's counsel was present and participated in the proceedings by cross-examining the witnesses. The court found that the juvenile committed the offenses of possession of a controlled substance, of operating a motor vehicle without a valid driver's license, and of truancy. The court awarded care, custody, and control of the juvenile to the Division of Youth Services for appropriate placement in a residential facility.

The salient issue on appeal is whether the trial court erred in proceeding with the trial in the juvenile's absence.

Rule 117.01(b)(2) provides the following:

b. In any hearing where after proper service or notice has been made the juvenile or the juvenile's custodian fails to appear, the court may commence the hearing without the presence of the juvenile or the custodian, except that the hearing may not be commenced without the presence of the juvenile: . . .

(2) in a hearing under Rule 119 upon a petition alleging that the behavior of the juvenile brings the juvenile within the jurisdiction of the court under the provisions of subdivisions (2) or (3) of subsection 1 of section 211.031, RSMo.

■ Here, the amended petition alleged that the juvenile came within the provisions of section 211.031.1(2). The juvenile thus fell within the purview of Rule 117.01(b)(2); and pursuant to that rule, the hearing should not have commenced without his presence.

■ Juvenile proceedings must be in conformity with the essentials of due process and fair treatment as guaranteed by the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States. *In re Gault*, 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527 (1967). A proceeding in which a juvenile may be found to be delinquent and subjected to the loss of his liberty is comparable in seriousness to a felony prosecution. *Gault*, 387 U.S. at 36, 87 S.Ct. at 1448.

■ A criminal defendant who is threatened with the loss of liberty has a constitutional right to be present at all phases of the proceedings against him. *See* U.S. Constitution amend. VI; Mo. Const. art. I, section 10. The constitution-

al right of a defendant to be present at trial is rooted not only in the right to confront witnesses as guaranteed by the Sixth Amendment of the Constitution but also is protected by the Due Process Clause when his presence would contribute to his opportunity to defend himself against the charges brought. *State v. Bowens*, 964 S.W.2d 232, 238 (Mo.App. E.D.1998). "The right to be present at trial implicates a panoply of rights and vindicates two primary interests: enabling the defendant to assist in the presentation of a defense, and ensuring the appearance of fairness in the execution of justice." *Pinkney v. State*, 350 Md. 201, 711 A.2d 205, 209 (1998).

 A criminal defendant, however, can voluntarily waive his constitutional right to be present during his trial. *Bowens*, 964 S.W.2d at 239 (citing *State v. Drope*, 462 S.W.2d 677 (Mo.1971)). "[T]he absence of a defendant resulting from an intentional act by him done for the express purpose of preventing his presence at trial can constitute a waiver of his right to be present." *Bowens*, 964 S.W.2d at 239. Missouri courts have consistently held that when a defendant is present at the beginning of trial and then fails to appear at a specified time during some later phase of the proceedings, there is a presumption, until established otherwise, that defendant's absence was voluntary for purposes of deciding whether he waived his right to be present at trial. *See, e.g., Drope*, 462 S.W.2d at 681; *Bowens*, 964 S.W.2d at 232; *State v. Cotton*, 621 S.W.2d 296, 298 (Mo. App. E.D.1981); *State v. Warren*, 579 S.W.2d 723, 725 (Mo.App. E.D.1979). In the instant action, no presumption of waiver arises, because the trial had not commenced when the juvenile failed to appear. The trial court erred in commencing the trial when the juvenile was absent from the proceedings.

The judgment of the trial court is reversed and the cause is remanded.

KATHIANNE KNAUP CRANE, J., and ROBERT G. DOWD, JR., J., concur.