Dear Representative Keeney:
This opinion is in response to your request asking three questions regarding the powers of arrest belonging to county coroners.
 Coroners are Conservators of the Peace
A coroner's general powers and duties are set out in Chapter 58.[1] Section 58.180 provides: "A coroner shall be a conservator of the peace throughout his county, and shall take inquests of violent and casual deaths happening in the same, or where the body of any person coming to his death shall be discovered in his county."[2] Various statutes designate other officers as "conservators of the peace," and include limitations on that designation in the same subsection. See, e.g., § 311.630 (employees of alcohol and tobacco control may be designated peace officers, with power to arrest and execute search warrants, but only relating to certain crimes, and only after completing certain training); § 320.230 (if state fire marshal and investigators have attained proper peace officer certification, they shall notify local law enforcement and have all powers of arrest relating to the fire offenses, and all offenses if local officers ask for their assistance).
In addition to designation as "a conservator of the peace," the statute provides that every coroner shall perform all duties of the sheriff when the sheriff is a party to or interested in the suit, related to or prejudiced against any party to a suit, or disqualified *Page 2 
from acting, § 58.190, and that the coroner must take on all the sheriff's duties when the sheriff's office becomes vacant. Section 58.200. Under §§ 58.190-200, the coroner essentially becomes the acting sheriff when the sheriff is unable to perform those duties. State v. Crocket,90 Mo. 37, 1 S.W. 753, 754 (1886) (plain import of statute is to substitute coroner for sheriff when certain contingencies occur);Carr v. Youse, 39 Mo. 346, 1866 WL 4354, *3-*4 (1866) (coroner had all powers of sheriff when the office was vacant, and could turn over all unfinished sheriff business to the new sheriff that took office). Thus, the coroner is an emergency replacement for the sheriff, and is expressly required to perform all the sheriff's duties, but only when the sheriff cannot.
One might conclude that a coroner is only a conservator of the peace for the limited purpose of taking over the sheriff's duties in certain situations, because that duty is expressed immediately after the section designating a coroner a conservator of the peace. Sections 58.180-200. But that would be inconsistent with the broad language of the coroner statute in comparison to statutes designating others as "conservators of the peace."
 In Missouri, Conservators of the Peace are Different than Peace Officers
No statute defines what powers a coroner has under § 58.180 as a conservator of the peace. Nor has the term been addressed in any reported decision.
In defining "conservator of the peace," Black's Law Dictionary includes "peace officer" as a synonym.Black's Law Dictionary, 7th Ed., p. 300 (1999). It defines "peace officer," in turn, as: "A civil officer (such as a sheriff or police officer) appointed to maintain public tranquility and order. This term may also include a judge who hears criminal cases or another public official (such as a mayor) who may be statutorily designated as a peace officer for limited purposes."Id. at 1151. A coroner would appear to belong to the latter set of conservators of the peace because a coroner is an elected public official, § 58.020, who is statutorily designated a conservator of the peace, § 58.180, and, under special situations, may act as the sheriff. Sections 58.190-200.
But even though Black's Law Dictionary and several cases cited below treat "conservators of the peace" and "peace officers" as the same thing, Missouri statutes do not use the terms interchangeably. Some statutes grant special powers and duties to "peace officers"; others expressly put "peace officers" in a different class than coroners. For example, "peace officers" who have power to arrest must submit to certain training and licensing requirements in order to hold a commission. Section 590.010, § 590.020. *Page 3 
Coroners are not among those who normally do receive such training and hold such commission; and, if a coroner did not submit to the training, a coroner would not have the statutory privileges associated with that commission. Similarly, § 571.030.2(9) specifically exempts coroners from certain provisions of the unlawful use of a weapon statute. Peace officers are given the same exception, but under a distinct subsection. Section 571.030.2(1). And, the definition of "peace officer" set out in § 542.261, RSMo Cum. Supp. 2004, does not include coroners. These sections demonstrate that even though coroners are "conservators of the peace," and Black's Law Dictionary considers that term synonymous with "peace officer," Missouri statutes distinguish coroners from other "peace officers," and coroners are not given all their powers.[3]
Because Missouri statutes use the term "peace officer" distinctly from "conservator of the peace," it cannot be claimed that coroners have all the powers given by Missouri statute to peace officers. So, one must examine the Missouri statutes regarding "conservators of the peace" to determine what powers of arrest a coroner has. If the term "conservator of the peace" is not defined in the Missouri statutes, one must then look to the common law for a definition.
 Statutory Treatment of Conservators of the Peace
Some statutes designate certain persons conservators of the peace for limited purposes. See, e.g. § 311.630 (employees of the Division of Alcohol and Tobacco Control); § 320.230 (fire marshals who have completed peace officer training). In contrast, § 58.180 plainly designates a coroner a conservator of the peace, and puts no limitations on that designation. SeeCantwell v. Douglas County Clerk,988 S.W.2d 51, 56 (Mo.App. S.D. 1999) (differences in pay statutes evidenced legislative intent to treat county officers differently);Jantz v. Brewer, 30 S.W.3d 915, 918 (Mo.App. S.D. 2000) ("legislature is presumed to . . . act intentionally when it includes language in one section of a statute but omits it from another."). *Page 4 
Because the statute clearly designates a coroner a conservator of the peace, and does not limit a coroner's powers as a conservator of the peace, a coroner is statutorily given all powers belonging to that designation. But the statute does not explain what those powers are. The lack of any definition in the statute designating coroners conservators of the peace and the fact that the law dates from 1807 suggest that the legislature intended to use the common law meaning of the term conservator of the peace. State exrel. Nixon v. Hughes, 281 S.W.3d 902, 910 (Mo.App. W.D. 2009) ("When the General Assembly does not include a definition of a term but it has a common law meaning, we presume that the General Assembly intended that meaning.").
 Common Law Powers of Arrest Belonging to Conservators of the Peace
At common law, those termed "conservators of the peace" generally had power to arrest when a disturbance of the peace occurred.See Atwater v. City of Lago Vista, 532 U.S. 318, 330;121 S.Ct. 1536, 1545 (2001) (citing common law that: "`A constable or other known conservator of the peace may lawfully interpose upon his own view to prevent a breach of the peace, or to quiet an affray. . . .'"); Payton v. New York,445 U.S. 573, 605, 100 S.Ct. 1371, 1389 (1980) (citing common law that constable, "[a]s conservator of the peace, . . . possessed, virtute officii, a great original and inherent authority with regard to arrests, and could without any other warrant but from himself arrest felons, and those that were probably suspected of felonies.") (citations, quotation marks, and editing marks omitted);State v. Henderson, 660 S.W.2d 373, 375 (Mo.App. E.D. 1983) ("The duties of a conservator of the peace are not defined by statute, but at common law a conservator of the peace was a peace officer whose duties `were to prevent and arrest for breaches of the peace in their presence, but not to arraign and try the offender.'"); see State, on Inf. of McKittrick v. Williams,144 S.W.2d 98, 104 (Mo. banc 1940) (sheriff, as principal conservator of the peace in the county, had power and duty to arrest felons).
Cases from other jurisdictions also agree that, at common law, conservators of the peace had the power to arrest for breaches of the peace occurring in their presence. See Ex parte Levy,163 S.W.2d 529, 532 (Ark. 1942) (at common law, duties of conservators of the peace "were to prevent and arrest for breaches of the peace in their presence, but not to arraign and try the offender"); Marcuchi v. Norfolk W. Ry. Co.,94 S.E. 979, 980-81 (W.Va. 1918) (at common law, conservators of the peace have duty to arrest for breaches of peace committed in their presence, and may arrest without a warrant); State v.Shockley, 80 P. 865, 867-68 (Utah 1905) (at common law, conservators of the peace had duty to prevent breaches of the peace and to arrest for breaches of the peace committed in *Page 5 
their presence); In re Barker,56 Vt. 14, 20, 1884 WL 6546 (1884) (original "conservators of the peace" were created under reign of King Edward III, and given power to arrest at the first sign of "uproar and force" before "it should grow up to any offer of danger."). These cases show that at common law, peace officers could arrest for imminent breaches of the peace or those committed in their presence.
Peace officers also had the power to arrest for felonies not committed in their presence, even without a warrant. In UnitedStates v. Watson, 423 U.S. 411, 418-19, 96 S.Ct. 820, 825 (1976), the United States Supreme Court examined the common law powers of arrest of a peace officer, and stated:
 The cases construing the Fourth Amendment thus reflect the ancient common-law rule that a peace officer was permitted to arrest without a warrant for a misdemeanor or felony committed in his presence as well as for a felony not committed in his presence if there was reasonable ground for making the arrest. This has also been the prevailing rule under state constitutions and statutes. "The rule of the common law, that a peace officer or a private citizen may arrest a felon without a warrant, has been generally held by the courts of the several States to be in force in cases of felony punishable by the civil tribunals."
United States v. Watson,423 U.S. 411, 418-19, 96 S.Ct. 820, 825 (1976) (citations omitted). This has also been the law in Missouri. State v. Vollmar,389 S.W.2d 20, 24 (Mo. 1965) ("The general rule is that [an officer] may arrest without a warrant any person whom he has reasonable cause to believe has committed a felony and anyone committing a misdemeanor in his presence."); Taaffe v. Slevin,11 Mo.App. 507, 1882 WL 9702, *4 (1882) (same).
In summary, at common law, conservators of the peace have authority to arrest for any felony or misdemeanor committed in their presence, and to arrest when they reasonably believe the arrestee has committed a felony, even out of their presence.
 Coroner's Power of Arrest
When the coroner is required to act as the sheriff, the coroner has all the powers of the sheriff, §§ 58.190-200, which, of course, includes all the powers a sheriff has to arrest. *Page 6 
And, as a conservator of the peace, a coroner has the common law power to arrest for any felony or misdemeanor committed in his or her presence, and to arrest when he or she reasonably believes the arrestee has committed a felony, even out of his or her presence.
However, a similar power of arrest has been granted to all private people in Missouri: "The arrest of a person may be lawfully made also by any peace officer or a private person, without a warrant upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year,. . . ." Section 548.141 (emphasis added).[4] Under this statute, a private person has authority to arrest when the arrestee has been charged with a felony. Further, § 563.051.2 grants all private persons "acting on [their] own account" the authority to arrest, including using physical force if necessary, when the person reasonably believes the arrestee has committed a crime, and the arrestee has "in fact committed such crime." In sum, these statutes allow a private person to arrest for any crime (whether felony, misdemeanor, or other), when the person reasonably believes the crime has occurred and the arrestee has actually committed the crime.
Therefore, although a coroner enjoys the common law powers of arrest granted to conservators of the peace, this power of arrest is similar in scope to the power of arrest all private people enjoy. But when a coroner is acting as the sheriff, the coroner's powers of arrest are the same as a sheriff's powers of arrest.
 CONCLUSION
In conclusion, coroners are conservators of the peace. Although these terms are used interchangeably at common law, they are not used interchangeably in Missouri statutes. Therefore, any special statutory powers granted to peace officers are not granted to coroners unless coroners are specifically included in the particular statute. But, because the term "conservator of the peace" is not defined in Missouri statutes, coroners have the common law powers granted to conservators of the peace. The common law power of arrest is similar to the power of arrest enjoyed by all private persons in Missouri, and consists of the power to arrest for any felony or misdemeanor committed in *Page 7 
their presence, and to arrest when they reasonably believe the arrestee has committed a felony, even out of their presence.
Thus, your three questions are answered as follows:
1) Does a county coroner in the state of Missouri have the power of arrest?
Yes. As a conservator of the peace, a coroner has the common law power to arrest for any felony or misdemeanor committed in his or her presence, and to arrest when he or she reasonably believes the arrestee has committed a felony. A coroner also has the power of arrest granted to private citizens. Additionally, if the sheriff cannot act due to the contingencies listed in §§ 58.190-200, the coroner has all the powers and duties of the sheriff until a new sheriff is appointed, which powers would include the sheriff's power of arrest.
2) What authority is granted to those who by statute are conservators of the peace in regard to arrest powers?
Some statutes specially designate a person a conservator of the peace only for limited purposes, and only give the power to arrest in certain situations.See, e.g., § 311.630; § 320.230. But a coroner's designation is not limited. Section 58.180. Because no statute delineates the general powers of arrest of a conservator of the peace, a coroner has those powers of arrest given at common law to conservators of the peace. This power of arrest is for any felony or misdemeanor committed in his or her presence, and to arrest when he or she reasonably believes the arrestee has committed a felony.
3) If the coroner has the power of arrest, is it limited to only when a death is involved?
 No.
 Very truly yours,
 _________________________
 CHRIS KOSTER
 Attorney General
[1] All references are to RSMo 2000, unless otherwise noted.
[2] The original version of this statute was passed in 1807. 1 Terr.L., p. 103, § 1.
[3] Further, if a coroner were essentially another deputy sheriff, and therefore were required to act under the sheriff, this would conflict with the coroner's duty to take over that office when the sheriff is unable to act. See Attorney General Opinion
104-1968 (offices of coroner and deputy sheriff are incompatible, because if the sheriff vacated the office and the coroner took over, the coroner would be supervising himself). Seealso § 304.230 ("peace officers," "police officers," and "highway patrol officers" are not the same thing). Therefore, coroners do not have all the powers and duties of police officers or other law enforcement officers.
[4] This statute is within the sections regarding extradition of individuals in this state accused of committing crimes in other states, but its language is not limited to that situation.